# Righter *v.* Parry, Appellant.

*Deceit—Evidence—False statements—Fraud—Latitude of proof.*

1. An action of deceit will be sustained, where the evidence discloses a false statement by defendant in regard to a material fact, together with circumstances from which an intention to defraud may be found by the jury, if thereby plaintiff has suffered loss.

2. In such cases the evidence is to be considered as a whole, and if, when so considered, it shows false statements by defendant in a number of instances by each of which he profits and plaintiff loses, the intent to defraud may be found by the jury.

3. Fraud may be proved by circumstantial evidence.

4. In cases of alleged fraud a latitude of proof is always allowed.

*Practice, C. P.—Striking out evidence—Particular item—Point.*

5. The practice of moving to strike out all the evidence relating to a particular item of a claim is bad, and ordinarily will not be sustained.

6. Usually the only remedy where evidence is admitted without objection is an appropriate point for charge.

*Appeals—Assignments of errors—Evidence—Quoting record— Exception—Practice, Supreme Court.*

7. An assignment of error to the action of the court below on a motion to strike out evidence, must quote the motion and the ruling thereon.

8. Where no exception was taken to the court's ruling on evidence the assignment of error specifying such ruling will be quashed.

Argued January 12, 1920. Appeal, No. 120, Jan. T., 1920, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1913, No. 2215, on verdict for plaintiff in case of Frederick C. Righter v. Charles K. Parry. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for deceit. Before FERGUSON, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*Walter Biddle Saul,* for appellant.

*Albert L. Moise,* with him *B. J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 23, 1920:

Defendant was president, director and majority stockholder of the Righter-Parry Lumber Company, and plaintiff was secretary, treasurer, director and minority stockholder thereof. On March 8, 1909, at a special meeting of the stockholders, defendant elected others to the offices held by plaintiff, served notice upon him to keep away from the place of business of the company, and thereafter denied him all information in regard to its affairs. The litigation which followed was settled by an agreement dated June 25, 1909, providing that a dividend of $75,000 be declared by the stockholders of the company, payable out of its unconverted assets selected by defendant, the whole amount of said dividend, on the majority and minority shares alike, to be paid to him, in consideration whereof he agreed to transfer all the majority shares to plaintiff. In this agreement defendant represented that the accounts, set forth in an attached " 'statement as of June 22, 1909,' appear on the books of the company as due and owing by the several parties thereto, and neither the Righter-Parry Lumber Company nor the said Charles K. Parry have discharged the same nor any part thereof."

The agreement was carried out, but afterwards plaintiff brought the present action of deceit, alleging that defendant, in order to induce plaintiff to make the settlement, had knowingly made thirty-five false and fraudulent statements in regard to the assets and liabilities of the company. At the trial the court below held the evidence was insufficient to justify the allegations as to

twenty of them, but submitted to the jury that which related to the other fifteen, at the same time refusing defendant's point for binding instructions. A verdict was rendered for plaintiff, a motion for judgment non obstante veredicto was dismissed, judgment was entered on the verdict and defendant now appeals.

The first fourteen assignments which allege error in overruling defendant's motions to strike out the evidence relating to fourteen of the allegations of fraud, violate our rules in that they do not quote the motions made or the rulings of the court thereon. We have, however, considered each of them, and the evidence relating thereto, and are of opinion the issues thus raised were properly submitted to the jury. It would swell this opinion to an inordinate length, and answer no good purpose, to specify in detail all the evidence relating to each assignment. It is sufficient to say that,—with the exception of the D. M. McColl account, and the prepaid freight account, hereinafter to be considered separately, —they each fall into one of the following classes: (a) Where the amount due was in dispute, and the debtor sent to defendant a check or promissory note, in settlement of the account, and defendant received and used it, yet kept upon the books the apparent balance as an indebtedness due to the company; or (b) Where customers refused to receive lumber shipped to them, and defendant took it back, yet left upon the books, as apparent claims against the customers, the profits which would have accrued had they accepted and paid for the lumber; or (c) Where the price of lumber sold was paid to defendant personally, or to the company, yet no credit therefor was entered on the books; or (d) Where defendant actually settled with the debtor but did not enter this fact upon the books. According to plaintiff's testimony, each of the foregoing matters occurred while defendant was in sole control of the business, no information was given to plaintiff in regard thereto, and the amounts, thus apparently but not actually due by the

debtors of the company, formed part of the gross sum due by "Customers $62,089.94," set forth in the account attached to the agreement of settlement.

So far as the D. M. McColl account is concerned, plaintiff's evidence showed the following: It was part of defendant's contribution to the corporation at its organization in 1904, stock being issued to him for it. During the next four years efforts were made to collect it, but as this was not found possible, the parties agreed, while still together, that it should be eliminated from the assets of the company, and accordingly it was transferred back to defendant. After plaintiff's exclusion from all connection with the business, and while negotiations for settlement were pending, defendant put the account back on the ledger, and when the settlement was made it was included in the alleged gross sum due by customers. Defendant did not inform plaintiff of this fact, and thereafter nothing could be collected on the claim.

So far as the prepaid freight account is concerned, it appeared from plaintiff's evidence that, while defendant was in charge of the business, certain freight bills, which the company had to pay on customers' accounts in advance of shipment of lumber to them, had been refunded to the company, but no part thereof was credited on the books, thereby also swelling the apparent assets which plaintiff was to get under the agreement.

It was strongly urged by defendant that the evidence in relation to the foregoing items at most showed mistakes, was not incompatible with innocence, and hence deceit would not lie. This can hardly be said of the evidence as to the D. M. McColl account. Moreover, as the fact might fairly be otherwise, the case was one for the jury as to each item, and so it was submitted to them in a charge to which defendant makes no objection, save as to the refusal of his point for binding instructions. Like Æsop's "bundle of sticks," the strength of plaintiff's case rests in the fact that the evidence is to be considered as

a whole, and is a series of such transactions, each resulting in loss to him. This being so, proof of falsity in regard to a material fact relating to each item of claim, with circumstances from which an intention to defraud may be found, justifies the jury in finding it (Griswold v. Gebbie, 126 Pa. 353), a rule as applicable to the suppression thereof as to falsity in assertion: Boyd v. Browne, 6 Pa. 310; Rheem v. Naugatuck Wheel Co., 33 Pa. 358.

In Stauffer v. Young, 39 Pa. 455, 460-1, in speaking of cases of this kind, and of the sound discretion to be exercised by the trial judge in giving wide latitude to the proof, we said: "And when this has been done, and the jury have found the fraud, we always expect to hear it argued here that this and that piece of evidence was incompetent to establish it, and should not have been admitted—one circumstance was too remote to furnish any inference, another was too trifling, and another was calculated to mislead the jury away from the real issue. It is always added that fraud is not to be presumed, and must be proved......[But] A guilty deed, like any other fact, may be inferentially established. Almost all human knowledge rests in inferences from proofs. The fact that a fraud has been committed is not an exception, but may be proved in the same manner. Nor has the author of a fraud any right to complain of the latitude of proofs which the law allows, for it is a universal truth, that the more thoroughly an honest transaction is investigated, the more honest will it appear......True, the jury may have been misled, but he is bound to show that very clearly. If there was evidence, from which a jury might reasonably have inferred the fraud, we are to presume they based their verdict on that evidence, even though other facts were in proof which were irrelevant. In such a case what was irrelevant was harmless." This language is particularly applicable here; and, it need only be added, defendant has not shown the jury was misled in the present case.

It must not be supposed because we have considered these assignments somewhat at length, that we approve of the practice of moving to strike out the whole of the evidence regarding a particular claim. Ordinarily the only remedy where evidence is admitted without objection is an appropriate point for charge. In this case counsel and the court below, for reasons satisfactory to themselves, agreed a motion to strike out might be made and decided when the evidence as to each item was ended, and hence we have to treat the case accordingly. But for this we would apply the rules stated in Forster v. Rogers Bros., 247 Pa. 54, and Wadsworth v. Manufacturer's Water Co., 256 Pa. 106, and overrule the assignments on this ground alone.

The fifteenth to twentieth assignments allege error in sustaining objections to certain questions asked by defendant in cross-examination. The fifteenth is overruled because no exception was taken to the court's ruling as specified therein. The sixteenth is overruled because the question asked was not cross-examination. The seventeenth is overruled because the offer of proof was inadequate, in that it did not aver plaintiff ever received or could have recovered from the original shipper the loss he suffered, and hence it is immaterial how the account was charged upon the books which plaintiff had prepared from those kept by defendant. The eighteenth and nineteenth are overruled because it is immaterial when plaintiff made the first effort to collect the McColl account, or whether or not it was carried on plaintiff's books as an asset, in view of the fact that admittedly defendant had accepted and used McColl's check and negotiable promissory note which had been sent in settlement of the account, and did not advise plaintiff thereof, though the balance was carried on the books and formed part of the gross balance due by customers appearing in the schedule attached to the agreement of settlement. And the twentieth is overruled because defendant having received back and resold the lumber sent to W. H.

Lear, none the less continued the amount alleged to be due to Lear therefor as part of the gross balance, without giving plaintiff any information in regard to it.

What has been said above necessarily disposes of the remaining assignments of error which are to the refusal to affirm defendant's point for binding instructions, and to dismissal of his motion for judgment non obstante veredicto.

The judgment of the court below is affirmed.