## Gerhart *v.* East Coast Coach Co., Appellant.

536

Argued January 24, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. William Freed,* for appellant.—Deceased was contributorily negligent in venturing on the highway, with his back turned to oncoming traffic: Weaver v. Pickering, 279 Pa. 214; Goff v. Boro., 299 Pa. 343; Harris v.

Ice Co., 153 Pa. 278; Watson v. Lit Bros., 288 Pa. 175; Grein v. Gordon, 280 Pa. 576; Rhoads v. Herbert, 298 Pa. 522.

*H. E. Grim,* of *Grim & Grim,* for appellee.—Evidence of value of deceased's services is competent: Shellenberger v. Transportation Co., 303 Pa. 122; Baxter v. Ry., 264 Pa. 468; Dempsey v. Scranton, 264 Pa. 495.

OPINION BY MR. JUSTICE KEPHART, March 20, 1933:

Appellee's husband conducted a gasoline station, restaurant and parking place along the Lincoln Highway, 700 feet west of the Langhorne Speedway. Races were being held on July 4, 1930, and for several hours before the accident he had been motioning motorists on the highway to park their cars on his land. As the races started he practically ceased this solicitation and was standing on his own land 4 or 5 feet from the highway, facing toward Philadelphia. Appellant's bus, carrying passengers from New York to Philadelphia, traveling at a speed of 40 to 45 miles an hour, left the concrete road or highway and struck deceased in the back just as he was in the act of lighting a cigarette. The impact caused injuries from which he subsequently died. The court below sustained a verdict of $7,000 for appellee for damages for the loss of her husband. Judgment having been entered, this appeal followed.

There was ample evidence to sustain the jury's finding that defendant was negligent. Appellant's testimony placed deceased on the concrete portion of the road, facing Philadelphia, with his back toward the approaching bus; he had stepped there immediately before the bus approached. From defendant's standpoint, the accident was unavoidable, being attributable solely to deceased's negligence; had he observed the traffic and exercised the slightest care for his safety, he would not have been injured. The questions of negligence and contributory negligence were submitted to the jury under proper in-

structions and the verdict is conclusive upon this aspect of the case. The verdict being for the deceased's widow, the facts it established were that deceased was off the highway on his own land when appellant's bus struck him. Where one is on his own premises, there is no duty resting on him to anticipate that a motor bus, automobile or other destructive agency will enter it and inflict bodily injury. He is under no duty to observe traffic moving on the highway. If, however, the use of his land extended an invitation to automobilists and others to use it for parking or otherwise, he must anticipate their action. There is no evidence here that the place of the accident was used for that purpose or that this bus wanted to park or make other use of the land. He was as to it under no duty while on his premises, and was not guilty of contributory negligence in failing to observe its approach. Of course, had the jury found the facts as appellant's testimony showed, under the court's instruction, deceased would have been contributorily negligent.

The court below did not err in refusing to strike out the testimony of the two witnesses who described the manner in which the bus was being operated as it passed a position 270 feet east of where the accident occurred. Such testimony was competent; its weight and credibility was for the jury: Shellenberger v. Reading Transportation Co., 303 Pa. 122, 127. The motion was to strike out all the testimony of these witnesses, some of which was undoubtedly competent; when a motion is made to strike from the record all the testimony of a witness, the incompetent part should be pointed out. Otherwise a trial court cannot be convicted of error in refusing the motion: Com. v. Arcurio, 92 Pa. Superior Ct. 404, 407; Wadsworth v. Manufacturer's Water Co., 256 Pa. 106, 116; Righter v. Parry, 266 Pa. 373, 378.

Appellant's chief complaint is to the admission of testimony to establish damages. The right to sue for death occasioned by negligence did not survive at common law

and exists today only by statute.  The measure of damages in such cases is the pecuniary loss suffered by the plaintiff.  Deceased purchased the property some 13 months before and had invested his capital there.  The business was operated by him with the aid of his family, consisting of his wife, son and daughter-in-law, and two grandsons.  The record presents a situation in which it is impossible to distinguish that portion of the earnings of the business which were due to deceased's personal, bodily or mental effort, from that derived from capital investment and the labor of others.

The rule was early laid down by this court that the pecuniary loss for which a wife might recover is "what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone for the benefit [of the plaintiff], taking into consideration his age, ability and disposition to labor and his habits of living and expenditure": P. R. R. Co. v. Butler, 57 Pa. 335, 338.  In Baxter v. P. & R. Ry. Co., 264 Pa. 467, it was said: "Strictly speaking compensation for the loss of earning power......should be limited to earnings which are the result of personal effort either physical or mental; in which profits from invested capital or profits from the labor of others must not be included.  Where it is impossible, in a business enterprise, to distinguish between the personal earnings of the individual and the return from capital invested and the labor of others, the net income, or net result from such business, cannot be considered in determining the amount of damages to which the claimant is entitled. ......"

We have held that one who has personal knowledge of a business and the manner in which it is conducted, the time and attention given to it, may testify as to what such services are worth.  See also Simpson v. P. R. R. Co., 210 Pa. 101, and Dempsey v. City of Scranton, 264 Pa. 495.  In Murphy v. Pittsburgh Rys. Co.,

292 Pa. 191, the plaintiff in an action for personal injuries was permitted to show the amount he was compelled to pay another to do his work while disabled. In affirming the judgment the court said: "His own services may have been worth more to the business, but this evidence was sufficient for the jury to determine this loss of earning power." The former proprietor of the roadside stand testified that he had visited deceased several times since the latter purchased the property and that it would be necessary to pay a man from $50 to $80 a week to do the work which deceased was then performing. In the light of these decisions, the testimony of a prior owner of the property, who, it was shown, thoroughly understood the particular business and was familiar with deceased's method of conducting it, was clearly competent to show the value of deceased's services.

Appellee testified that deceased was accustomed to give her $25 to $30 a week for household expenses and her own use. She also testified that she received clothes from him to the value of approximately $300 a year. Deceased's account books showing gross receipts and expenditures were properly excluded as not showing personal earnings. The testimony of the widow as to the amount regularly contributed to her by the deceased being well within the value of the services, while not conclusive on the measure of damages, was nevertheless proper evidence to be considered by the jury with other factors in determining the actual pecuniary loss which she suffered. The evidence submitted to the jury was sufficient to show the probable earning power of the deceased and for them to determine what proportion of those earnings was contributed to the plaintiff. It is the latter which is the true basis for the measure of damages: Perry v. Ryback, 302 Pa. 559. "As a general rule, pecuniary loss embraces the present worth of deceased's probable earnings during the probable duration of deceased's life, which would have gone for the benefit of the

children, parent, husband or wife, as the case may be, and is broad enough to include the present worth of the value or probable services which would, in the ordinary course of events, be of benefit to one within this class": Gaydos v. Domabyl, 301 Pa. 523, 530. In Glasco v. Green, 273 Pa. 353, were stated the rules governing the measure of damages in this type of case. The court said, at page 358: "While it is proper to show the earning power of the deceased, also his personal expenses, as bearing upon the financial loss sustained by his family, his total earnings, in excess of board and clothes, is not the true measure of damages in such case...... The measure of damages......is not what the deceased would have earned......but only so much thereof as the jury find would have gone for the benefit of his family...... In estimating the total damages, the jury must consider the time the deceased is expected to live, and also the fact that during that time his earning capacity will diminish." The deceased was sixty-eight years old at the time of his death; his expectancy of life was ten years. From the testimony, the jury was justified in finding that his annual contribution to the plaintiff was approximately $1,500. This, as shown above, was well within deceased's total earning power as testified to by the prior owner of the business. The verdict of $7,000 was, under the facts submitted, not an excessive amount. Moreover, no assignment raises the question of excessive verdict.

Judgment affirmed.