Brewer et ux. *v.* Brodhead, Appellant, et al.

Argued January 8, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Glenn A. Troutman,* of *McWilliams, Wagoner & Trout-man,* with him *Harold C. Edwards,* for appellant.

*George T. Robinson,* of *Gearhart & Robinson,* with him *Leo A. Achterman,* for plaintiffs-appellees.

*Ira A. LaBar,* for defendant-appellee.

OPINION BY MR. JUSTICE PATTERSON, March 24, 1941:
Theodore L. Brewer and Victoria Brewer, husband and wife, appellees, instituted a trespass action against appellant, Thomas C. Brodhead, as administrator of the estate of Rodney G. Brodhead, for damages for personal injuries sustained by the wife when an automobile in which she was being driven as a guest passenger by appellant's decedent, who was fatally injured in the accident, left the highway and collided with a service pole. David W. Powell was brought in as an additional defendant on the theory "that the decedent had been forced off the highway by the Powell car, which had come out of [a] lane onto the main roadway on which

the decedent's car was proceeding" and that "in an effort to avoid it, the decedent sought to deflect the course of his car with the unhappy resulting circumstances." At the conclusion of appellant's case, the court below entered a nonsuit as to David W. Powell, the additional defendant, and submitted the question of the liability of the deceased driver's estate to the jury. Motions to take off the nonsuit entered as to the added defendant and for a new trial, filed by appellant after verdicts for Mrs. Brewer and her husband in the respective amounts of $3000 and $822.60, having been overruled, he has taken these appeals.

The opinion of the court below states, in part: "At about 10 o'clock on Sunday morning, February 21, 1937, Rodney G. Brodhead was operating his automobile in a southeasterly direction on a macadam state highway, from the Borough of East Stroudsburg towards the Borough of Delaware Water Gap, in Monroe County, having with him as a passenger Victoria Brewer, one of the plaintiffs. They were going to a church at Delaware Water Gap of which defendant, Brodhead, was a member and in which Victoria Brewer was organist. Before they reached a lane, known as the Evans Lane, coming into the highway from their right, a car driven by David W. Powell, the added defendant, came out on another lane, known as the Shively Lane, from the defendant's right, approximately 285 to 300 feet east of the Evans Lane, slowly crossed the highway, turned left, approached them on Powell's right hand side of the highway and passed them about 60 feet from the Shively Lane, from which it had come. The Powell car in no way blocked the path of the Brodhead car, nor crowded it, nor in any way interfered with its speed, nor came closer to it than was necessary to pass. For some undisclosed reason the Brodhead car swerved over on the right hand shoulder of the road and then left the road and ran into a telegraph pole, 50 feet beyond

the Shively Lane, or 110 feet beyond the point where it had passed the Powell car, resulting in injuries to Rodney Brodhead from which he died an hour or two later and inflicting injuries upon the plaintiff, Victoria Brewer, for which she seeks to recover damages in this suit. . . .

"David W. Powell, the added defendant, was called as a witness on behalf of the plaintiff and gave a detailed account of the accident, the substance of which is above stated. His wife, who was with him in his car, was called as a witness. Her testimony was far less clear and definite, but did not contradict that of her husband. Two other witnesses, who saw the accident from points east of and more remote from the scene of the accident, gave partial descriptions of it, both of which were consistent with [Powell's] description. The plaintiff, Mrs. Brewer, was called as a witness and testified to her injuries. . . . [The evidence presented by the defense consisted of testimony of two witnesses] who testified to alleged statements of the plaintiff, Victoria Brewer . . . to the effect that just before the accident she saw a car before them, put her hands over her eyes, which was immediately followed by a crash. . . .

"There is not a scintilla of evidence showing any negligence on the part of the added defendant, David W. Powell, which caused or directly contributed to the accident. Any finding by the jury to that effect would have been based on the merest conjecture, without any evidence to support it. There may have been ground to argue that some of Powell's statements as to rates of speed and distances in feet were not strictly accurate. However, those matters were, as they always are in such cases, largely matter of opinion, and from their very nature could not be accepted as accurate measurements or estimates. Even though he made some errors in his estimates, still there is no evidence of negligence on his part, and if there was, there is no evidence that

it caused or contributed to this accident. There is no evidence that his driving out of the private lane interfered with Brodhead's right of way. . . .

"We are definitely of the opinion that this case comes within the line of cases from which the court quoted in its charge to the jury, namely, that 'When the thing which caused the injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.' *Knox v. Simmerman*, 301 Pa. 1; *Maltz v. Carter, Admrx.*, 311 Pa. 550; *Devereaux v. Caldin, Admr.*, 127 Pa. Superior Ct. 595. . . . Driving off the highway in broad daylight on a clear, dry day and into a telegraph pole without apparent necessity, is such an accident, 'as in the ordinary course of things does not happen.' Therefore, since there was an 'absence of explanation by the defendant,' it afforded 'reasonable evidence . . . that the accident arose from a want of care.' In this case there was no explanation as to the cause of the accident. The words, 'explanation by the defendant' do not mean that he must personally explain it, but must produce some evidence to explain it. In this case the court did not tell the jury that this raised a presumption against the defendant or that it shifted the burden of proof to the defendant, but merely stated that from these facts the jury *might* find negligence. . . .

"The defense, after opening their case, called two witnesses who testified that the plaintiff, Victoria Brewer, had made some vague statements to them . . . to the effect that she had suddenly seen a car in front of them, whereupon she put her hands over her face, which was followed by a crash. One of the witnesses contradicted himself as to whether she had mentioned a car. The other witness, the father of Rodney G. Brodhead, testified that she also said, 'I do not blame Rodney.' The

plaintiff recalled Mrs. Brewer in rebuttal, who denied making those statements and testified definitely that she had no recollection of anything leading up to the accident. The court charged the jury that the testimony of defendants' witnesses was not substantive evidence as to how the accident happened, but merely went to the credibility of Mrs. Brewer as a witness . . . [Contending that the court committed prejudicial error in thus limiting the effect to be given these alleged declarations of the wife—plaintiff appellant relies] largely on the case of *Rudisill v. Cordes,* 333 Pa. 544, in which it was held that it was competent for the defense to show the plaintiff's statement, made fifteen minutes after the accident, [that] 'Accidents will happen; this man could not help it,' [the Court saying, at page 553: "The declaration in question was competent in substance; though it was 'hearsay,' it was admissible because it was a declaration against interest; and it was received for a proper legal purpose, to wit, the contradiction or negation of plaintiff's assertion of a cause of action against the defendant"] . . .

"The alleged statements [of Mrs. Brewer] would not prove any negligence on the part of the added defendant or furnish an explanation as to the cause of the accident which would exculpate the defendant, Brodhead. The mere statement that she saw something, or that she saw a car and put her hands over her eyes, was not sufficiently definite to have that effect. Further, her alleged statement, made to the bereaved father, that 'I do not blame Rodney' was not a statement that Rodney was not to blame, but merely a statement of her personal attitude toward him, regardless of whether he was to blame or not. It was merely a statement that she held no resentment against him. It was apparently made out of feelings of sympathy and consideration for the bereaved father. It would be most unjust in such a case to allow the evidence of a kind, humane expression to the bereaved father to be construed as a delib-

erate expression of opinion as to the responsibility or legal liability of the decedent for the accident. . . . In this case the statement as to responsibility is, to say the least, dubious and merely expresses a personal attitude toward the deceased defendant, while in the Rudisill case the statement was definite and specific— 'this man could not help it.' We, therefore, conclude that the verdicts were correct under all the evidence, even including the evidence as to [Mrs. Brewer's] alleged statements."

After a careful review of the record, we all agree that none of the matters complained of constitutes reversible error in this case, and that the assignments are adequately disposed of in the above-quoted portions of the opinion of the learned court below.

Judgments affirmed.