## DUBROCK v. INTERSTATE MOTOR FREIGHT SYSTEM.

### No. 8568.

Circuit Court of Appeals, Third Circuit.

Argued May 19, 1944.

Decided June 16, 1944.

Harold E. McCamey, of Pittsburgh, Pa. (Dickie, Robinson & McCamey, of Pittsburgh, Pa., on the brief), for appellant.

Greer McIlvain, of Pittsburgh, Pa., Wade Heilman, of Kittanning, Pa., and Griggs & Moreland, of Pittsburgh, Pa., on the brief, for appellee.

Before DOBIE and McLAUGHLIN, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

This suit arises from an automobile accident in which plaintiff's husband, Levi Frederick Dubrock, was killed. The trial resulted in a verdict and judgment in the sum of $8,000 for the plaintiff. Defendant moved for judgment n.o.v. and also for a new trial averring error in the Court's charge to the jury and complaining of an excessive award of damages to plaintiff. The case is here on appeal from an order of the trial judge denying defendant's motions.

The facts are as follows: The accident in controversy occurred on September 14, 1941, a clear, dry day, at about 2 P.M. near Kittanning, Pa., on Route 422. At the scene of the collision this Route is a straight three lane concrete highway, with a slight grade from west to east, and is intersected on its north side by what is known as the Red Mill Road. The uncontradicted testimony of two eyewitnesses was to the effect that the sedan which Dubrock was operating was travelling at a speed of about twenty miles per hour in an easterly direction on Route 422 in the center lane, and was "angling" to the left with its left wheels on or a little over the line marking off the center lane from the northernmost or left lane of the highway. The evident purpose of Dubrock was to make a left turn into Red Mill Road. At this time, according to the testimony, the defendant's tractor-trailer was about 100 feet away, travelling in a westerly direction on Route 422 at approximately 40 miles per hour. Apparently realizing that the Dubrock car was about to make a left turn, the driver of the truck moved into the center lane evidently to go around the Dubrock car on the outer lane. One of the witnesses, Paul Dosch, shouted a warning to Dubrock, with whom he was acquainted, and Dubrock tried to turn back to the center lane to avoid colliding with the truck. The point of impact was in the center lane, the Dubrock car being hit at the front towards the left. There were skid marks from the truck's tires for 68 feet in the center lane, and the deceased's car was pushed 198 feet from the end of the skidmarks. At the trial the defendant offered no evidence as to the cause of the accident.

Considering first defendant's motion for judgment n.o.v. we are of the opinion the trial judge was justified in denying it. Considering the evidence in a light most favorable to the plaintiff, we cannot say as a matter of law that the deceased was contributorily negligent, nor that defendant's conduct was not the proximate cause of the accident. It is a jury question whether it is negligence to attempt a left turn at twenty miles per hour in the face of oncoming traffic over 100 feet distant travelling at 40 miles per hour. Even granting the deceased made a mistake in turning to the right to avoid the collision, such mistake cannot bar recovery unless the emergency was created by the deceased's negligence. Miller v. Southern Asphalt Co., 1934, 314 Pa. 289, 171 A. 472; Brennen v. Pittsburgh Rys. Co.,

1936, 323 Pa. 81, 86, 186 A. 743; Restatement, Torts, sec. 296. As we said, whether deceased's conduct did give rise to the emergent situation is a question for the jury. Moreover, it is true, as the trial judge pointed out, that there is a presumption the deceased exercised due care for his own protection. Johnson v. Hetrick, 1930, 300 Pa. 225, 229, 150 A. 477; Kriesak v. Crowe, D.C., 44 F.Supp. 636, affirmed 3 Cir., 1942, 131 F.2d 1023.

With regard to his motion for a new trial, defendant asserts that the trial judge erred in refusing to charge as requested on the matter of proximate cause; that the trial judge erred in his charge as to the right of way at intersections; and that the damages awarded were excessive.

 On the subject of proximate cause, the defendant requested the trial judge to charge that:

"If the proximate cause of this accident was the deceased turning back toward the right side of the road when the truck had made its turn to pass behind it, then your verdict must be for the defendant."

It is difficult to see just how this request would benefit defendant, for, under the Pennsylvania rule, in order to defeat recovery on the ground of contributory negligence it is not necessary that the negligence be *the* proximate cause, but it is enough if it so contributed to the accident that without it the accident would not have occurred. Goff v. College Hill Borough, 1930, 299 Pa. 343, 347, 149 A. 477; Hayes v. Schomaker, 1930, 302 Pa. 72, 152 A. 827; Grimes v. Yellow Cab Co., 1942, 344 Pa. 298, 304, 25 A.2d 294; 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed. (1935), § 2553, p. 367. It is plain that a charge as to the contributory negligence of the deceased would adequately cover the substance of defendant's request, and the learned trial judge substantially and properly covered this matter when he said: (R 99) (12a)

"If it should appear in the course of testimony in the case that the plaintiff's husband, Levi Frederick Dubrock, was guilty of contributory negligence—and that means that if some act or omission on his part contributed to the collision which brought about his death—then she cannot recover. In other words, the plaintiff must present a case that is free of contributory negligence."

And again (R 101) (14a):

"If the truck driver was negligent and the collision resulted from the negligence of the truck driver, *and there was no contributory negligence on the part of Dubrock* in the operation of his car, then the plaintiff ought to recover in this case, your verdict should be for the plaintiff. *If, on the other hand there was any act on the part of Dubrock himself which contributed to this accident, which would not have happened had he acted otherwise in view of all the circumstances of the case, then he could be concluded to be guilty of contributory negligence and there could be no recovery in this case at all."* (Emphasis supplied).

And still again (R 101) (13a-14a):

"If Dubrock having once committed himself to the turn, made a turn to the right again, *you will have to say whether that would be an act of contributory negligence on his part which would prevent his widow and his children to recover any damages they may suffer by reason of his death."* (emphasis supplied.)

From the cases cited by defendant, it is evident he had in mind a charge to the effect that even if the jury found defendant negligent no recovery could be had unless such negligence was also the proximate cause of the accident. There is no doubt under Pennsylvania law that defendant would be entitled to such a charge. However, the trial judge satisfactorily and adequately covered this subject in the instruction:—(R 99) (12a).

"Now, in order to recover in this case the burden rests upon the plaintiff to show by the fair weight of evidence that the collision that resulted in the death of her husband was due to negligence on the part of the driver of this defendant's truck, and that must be shown by the fair weight of evidence."

And again (R 101) (14a):

"If the truck driver was negligent and the collision resulted from the negligence of the truck driver, *and there was no contributory negligence on the part of Dubrock in the operation of his car, then the plaintiff ought to recover in this case* * * *."* (Emphasis supplied.)

We are of the opinion the learned trial judge properly denied the request as stated, and his charge adequately protected the defendant's interests.

 The defendant urges that the trial judge erred in charging the jury with regard to the truck driver's duty at the intersection. Under the Pennsylvania Motor Vehicle Code, one about to make a left turn must signal his intention (75 Purdon's Pa.St.Anno. § 571), and, upon doing so, is entitled to the right of way (sec. 572(b). Since the plaintiff is aided by the presumption that the deceased used due care, the defendant had the burden of coming forward with evidence to meet the presumption, and it failed to do so although there were two eyewitnesses present who might have testified. But even if no hand or mechanical signal were given by Dubrock it would be of no legal consequence since it is apparent the truck driver realized, in time to do something about it, that the sedan was about to make a left turn, and hence the purpose of the hand signal as a warning was otherwise accomplished. Kline v. Moyer, 1937, 325 Pa. 357, 363, 191 A. 43, 111 A.L.R. 406. The truck driver had a clear view; he saw that the center lane was obstructed and realized the north lane would also be obstructed. Under the circumstances, it was his duty to proceed toward the intersection with caution and with his truck under such control as would enable him to stop in order to allow Dubrock to complete his turn. Cf. Maio, Ex'x, v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105; Dougherty v. Merchants' Baking Co., 1934, 313 Pa. 557, 169 A. 753; Galliano v. East Penn Electric Co., 1931, 303 Pa. 498, 154 A. 805. The cases cited by defendant stating it is permissible to pass a moving vehicle by going around it on the left are inapplicable in that they involve vehicles moving in the same direction. Considering the whole of the charge as to the truck driver's duty and as to what the jury was to consider, we find no reversible error.

Finally the defendant contends that it is entitled to a new trial by reason of the fact that the verdict of $8,000 in favor of the plaintiff was excessive under the evidence. In support of its contention, the defendant asserts that the evidence as to the deceased's earnings and contributions to his wife was "meager, vague and contradictory".

 An examination of the record discloses that at the time of his death the deceased was 35 years of age and in good health. For a period of some six months prior to his death he earned an average of $37 a week. The evidence as to the deceased's earnings from April 1, 1941, to September 7, 1941, was in the form of paycheck receipts. The widow testified that of the deceased's earnings she received approximately $100 a month. While there was considerable testimony that the deceased's family had been on relief for various periods between 1935 and 1941, the testimony clearly established that the family was not on relief subsequent to April 1, 1941. Moreover, the widow testified that for a period of some two years prior to her husband's death he contributed $100 a month when he was employed. Conflicting evidence, particularly as to an alleged desertion of his family by the deceased some two years prior to his death, and credibility of the witnesses were clearly for the jury. Nanty-Glo Borough v. American Surety Co., 1932, 309 Pa. 236, 163 A. 523. Similarly the question of "pecuniary loss" was for the jury.

As to defendant's contention that the $8,000.00 damages award was excessive:

 First, the rule for determining damages, as applied by the learned trial judge, is well settled in Pennsylvania. Gaydos v. Domabyl, 1930, 301 Pa. 523, 152 A. 549; Gerhart v. East Coast Coach Co., 1933, 310 Pa. 535, 166 A. 564; Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659. In the Gaydos case, supra, 301 Pa. at page 530, 152 A. at page 552, the rule is clearly stated:

"As a general rule, pecuniary loss embraces the present worth of deceased's probable earnings during the probable duration of deceased's life, which would have gone for the benefit of the children, parent, husband, or wife, as the case may be, and is broad enough to include the present worth of the value or probable services which would, in the ordinary course of events, be of benefit to one within this class."

 Finally, the question of excessiveness of a verdict is primarily for the trial court, and its determination thereof will not be reversed on appeal except for manifest abuse of discretion. Southern Fruit Distributors, Inc., v. Fulmer, 4 Cir., 1939, 107 F.2d 456; Carter Coal Co., Inc., v. Nelson, 4 Cir., 1937, 91 F.2d 651; Armit v. Loveland, 3 Cir., 1940, 115 F.2d 308; Voelkel v. Bennett, 3 Cir., 1940, 115 F.2d 102; Miller v. United States, 3 Cir., 1943, 137 F.2d 592, 594. It may be noted that the Pennsylvania rule is similar. Nale-

vanko v. Marie, 1937, 328 Pa. 586, 195 A. 49; Filer v. Filer, 1930, 301 Pa. 461, 152 A. 567; Potts v. Guthrie, 1925, 282 Pa. 200, 127 A. 605. The rule in the federal courts is strongly stated that where the claimed excessiveness is not purely a matter of law, as where the maximum recovery permitted by statute has been exceeded, but is only one of judgment as to the amount proved by the evidence, the decision rests with the trial court, and only where there is an abuse of discretion is its action reviewable. Searfoss v. Lehigh Valley R. Co., 2 Cir., 1935, 76 F.2d 762; Carter Coal Co. v. Nelson, supra.

The statement of this court in Armit v. Loveland, supra, 115 F.2d on page 314, is particularly appropriate to the instant case:

"Courts in general are reluctant to disturb a jury's verdict on the ground of excessiveness where the damages are unliquidated and there is no fixed measure of mathematical certainty. * * * This is particularly significant with respect to damages in tort actions for personal injuries."

The question of damages was submitted to the jury under proper instructions and on the evidence we cannot say that an award of $8,000 to the plaintiff and her five children for the death of a 35 year. old husband and father was so excessive as to justify a ruling on our part that the trial judge abused his discretion in denying the motion for a new trial.

The judgment of the District Court is affirmed.