Commonwealth *v*. Pennzoil Company, Appellant.

Argued November 24, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thompson Bradshaw,* for appellant.

*Joseph Knox Stone,* with him *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. JUSTICE LINN, January 5, 1948:

On a clear October afternoon, defendant's truck, weighing over a ton and loaded with three tons of gasoline, collided with a concrete post, part of the end of a state highway bridge, caromed around, turned upside down and produced a fire seriously damaging the bridge. The concrete surface of the highway as it entered the bridge was 33 feet wide. The Commonwealth sued for the cost of restoring the bridge, alleging that the damage resulted from the negligence of defendant's truck driver. Judgment was entered on the verdict for the plaintiff. The single question for consideration is whether there was error in refusing defendant's motion for judgment n. o. v.* The reasons for refusing defendant's motion are fully stated by the learned court below in an opinion occupying some forty pages of the record. We need, therefore, only indicate briefly why the judgment on the verdict must be affirmed.

We read the evidence in the light most favorably supporting the verdict. The truck was in good operating condition. The driver, who was burned to death, was an experienced man who had been driving the same route about once a week for several months preceding. The bridge is part of State Highway Route No. 288 and extends east and west over Connoquenessing Creek. The driver approached the bridge from the southeast on a curve of the highway leading to the eastern end of the bridge. There was a stop sign 481 feet from the bridge at the intersection of Routes 88 and 288. Without stopping, as this sign required, the driver on Route 88 passed

_____

* An assignment of error complains of the refusal of a new trial. As there is no suggestion of abuse of discretion in that ruling, it need not be discussed.

the sign and entered Route 288 at a speed of from 40 to 50 miles an hour and maintained that speed to the time of collision which resulted from his inability to make the turn at the speed at which he approached. The jury received appropriate instructions on the subject.

The Act of May 1, 1929, P. L. 905, as amended, section 1002, 75 PS 501, makes it unlawful to operate a truck of the class to which defendant's belonged, at a greater speed than 35 miles an hour; defendant's truck was therefore negligently operated: *D'Ambrosio v. Phila.*, 354 Pa. 403, 47 A. 2d 256; *Jinks v. Currie*, 324 Pa. 532, 188 A. 356; *Ashworth v. Hannum*, 347 Pa. 393, 32 A. 2d 407; *Landis v. Conestoga Transportation Co.*, 349 Pa. 97, 36 A. 2d 465.

Defendant argues that "there is no competent testimony to show that the speed was not slackened at the curve." Lawrence McCallister and his wife were looking out of their kitchen windows (each at a window) and saw the truck go past the stop sign "going 40, 50 miles an hour." Mr. McCallister hurried to the door, 17 feet away, but, before he got there, heard the crash as the truck struck the bridge. While his house was opposite the stop sign, about 480 feet from the bridge entrance, this testimony could not be excluded merely because of the distance. The jury would of course take that into consideration: compare *Shellenberger v. Reading Transportation Co.*, 303 Pa. 122, 154 A. 297; *Gerhart v. East Coast Coach Co.*, 310 Pa. 535, 166 A. 564. Mrs. Craven, a witness who lived opposite the bridge entrance, testified that she "heard a truck coming" and she "just stood and watched to see if it was going to make the turn or not. It didn't; it hit the abutment and turned over." There is other evidence on the subject which the jury may have considered.

Defendant also contends that plaintiff's testimony "did not exclude any unfortuitous (?) thing that may have taken place at the bridge approach such as traffic and crowding over of the truck driver by a car leaving

the bridge, or any other circumstance." We must reject that contention. James Barton and his wife testified that they had just driven across the bridge from the western end and saw defendant's truck pass them on its way to the bridge and that there was no traffic on the highway to interefere with the course of the truck.

The evidence is sufficient to support a finding of unlawful speed resulting in the driver's inability to make the curve without running into the side of the bridge: compare *Knox v. Simmerman*, 301 Pa. 1, 151 A. 678; *Brewer v. Brodhead*, 341 Pa. 384, 19 A. 2d 117.

Judgment affirmed.