## Kowalsky's Express Service, Appellant, *v.* Haverford Township.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Howard Richard,* with him *N. Horace Berman,* for appellant.

*Raymond E. Larson,* for appellee.

OPINION BY Ross, J., January 17, 1952:

The plaintiff has appealed from an order of the court below granting a new trial after a jury verdict in its favor. We will not reverse such an order unless there is a clear error of law or a palpable abuse of discretion. *Thomas v. DeSabato,* 168 Pa. Superior Ct. 586, 80 A. 2d 862. For a recent, clear and concise exposition of the principles governing appellate review of an order granting a new trial, see *Belletiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857.

The appeal arises out of a trespass action brought by Kowalsky's Express Service, a corporation, against Haverford Township, to recover damages resulting from a collision between plaintiff's tractor-trailer and a truck owned and operated by the defendant township.

After a verdict was returned in favor of the plaintiff in the amount of $1,901.32, the defendant filed motions for judgment n.o.v. and for a new trial. After argument before the court en banc, the motion for judgment n.o.v. was dismissed but a new trial was ordered. From the order granting the new trial this appeal was taken.

The evidence, insofar as it is pertinent, may be summarized as follows: The collision which gave rise to this action occurred in Haverford Township, Delaware County, at a point where a private road known as "Incinerator Road" enters from the south the West Chester Pike, which runs generally east and west. On May 27, 1949, at about 10 A.M., a day on which the roads were dry and the weather clear, the plaintiff's tractor-trailer was being operated by one of its employes, Dominic DeMore, in an easterly direction on

the West Chester Pike. At the same time the defendant's truck, driven by one Carter, was proceeding north on the private road toward the West Chester Pike.

The plaintiff's version of the events which immediately preceded the collision was to the effect that its tractor-trailer approached the intersection at a speed in excess of thirty miles an hour. DeMore testified that he was driving "between thirty, thirty-five" miles an hour, "about thirty-five", "thirty to thirty-five miles an hour." The legal speed limit for the plaintiff's trailer-truck is thirty miles an hour. Act of May 1, 1929, P. L. 905 as amended, sec. 1002, 75 PS 501. Consequently, if the plaintiff's trailer-truck was operated in excess of the statutory limit, it was negligently operated. *Com. v. Pennzoil Co.*, 358 Pa. 221, 56 A. 2d 93; *Landis v. Conestoga Transportation Co.*, 349 Pa. 97, 36 A. 2d 465. DeMore testified that he saw the defendant's truck emerge from behind some trees when he was about sixty feet west of the intersection and the defendant's truck about eight feet south of it; and finally, that the defendant's truck entered upon the West Chester Pike at a speed of twenty miles an hour without having stopped.

Carter, the defendant's driver, testified that the plaintiff's tractor-trailer was traveling at a speed of fifty-two miles an hour; that when he first observed it, it was 380 feet from the intersection and that he entered the Pike at a speed of only three miles an hour. At the time of the accident, and for more than two years prior thereto, a "stop sign", regular in size, design and coloring, was located on the private road near the point where it entered the Pike, and Carter admittedly entered the Pike without stopping his truck.

A violation of the safety regulations of The Vehicle Code is negligence per se (*Jinks v. Currie*, 324 Pa. 532, 188 A. 356; *Marchl v. Dowling*, 157 Pa. Superior Ct. 91, 41 A. 2d 427) and such negligence is a ground of li-

ability if it is the proximate and efficient cause of an accident which is of the type the legislative enactment was designed to prevent. *Shakley v. Lee*, 368 Pa. 476, 84 A. 2d 322. Likewise it will support a charge of contributory negligence.

The court below granted a new trial "so that justice may be done between the parties and palpable error in the trial corrected". In the opinion, written by the trial judge, the court did not elaborate upon its conclusion that a new trial should be granted "so that justice may be done between the parties". However, its conclusion that a new trial should be granted so that "palpable error in the trial [might be] corrected" refers to the following portion of the charge to the jury: "If there is a warning or a stop sign on a highway or on a road, and you have knowledge of it, that is notice to you that there is a condition existing of some danger which would require you to obey the mandate of that sign, and if you don't do it a jury could find that you were guilty of negligence per se; in other words, *we forget all about how the sign got there*, the sign is actually there and it is admitted on both sides, there is no question at all but there was a stop sign at this private road. And if you believe from the evidence that Mr. Carter failed to stop, from a civil standpoint, not from a criminal standpoint, unless *it was fully proven that the sign was not there with full authority of the law*, I would say to you that he would be *guilty of negligence per se*. And then you would have to go one step further and find out whether or not his negligence per se was the proximate cause of the accident before you could find him liable in this case." (Italics supplied.)

There is no evidence in the record to show by whom or by what authority the stop sign was erected. It was the trial court's conclusion that it erred in charging the jury that the defendant's driver was negligent per se in not obeying the stop sign, whether that sign was

erected by authority of law or not—"we forget all about how the sign got there". The plaintiff contends that it had no duty to prove that the stop sign was authorized and maintained by virtue of and in accordance with statutory or administrative authority and that unless the defendant proved a lack of authority there was a presumption that the stop sign was a legally erected sign. In support of its contention the plaintiff cites 164 A.L.R. 213.

Assuming, arguendo, that the proposition of law advanced by the plaintiff is sound when applied to signs erected upon public highways, it is not applicable to the facts in this case. Here the sign was erected on *private* property on a *private road* leading from a highway to the defendant's incinerator plant and was used *solely* by defendant's employes in hauling refuse to the plant.

The Vehicle Code, Act of May 1, 1929, P. L. 905 as amended, art. XI, sec. 1112, 75 PS 712, provides: "(a) The Secretary of Highways of this Commonwealth, with reference to State highways, and local authorities in counties, cities, boroughs, incorporated towns, and townships of the first class, with reference to highways under their jurisdictions, are hereby authorized to designate through highways, by erecting at the entrance thereto from intersecting highways signs bearing the words "THRU TRAFFIC STOP" . . ." Art. X, sec. 1016, 75 PS 591, provides that it shall be unlawful for the operator of a motor vehicle to enter a through highway without coming to a full stop before entering such highway, "when an official 'THRU TRAFFIC STOP' sign" has been erected in accordance with the provisions of section 1112 of the Act.

Art. I, sec. 102 of the Act, 75 PS 2, defines a highway as "Every way or place, of whatever nature, open to the use of the public as a matter of right, for purposes of vehicular travel". Here the road was not open

234

to the public. Consequently, the provisions of the Act relative to stop signs and violations thereof are not applicable to the facts in this case. It follows, therefore, that the driver of defendant's truck did not violate the safety regulations relative to such signs and consequently the court below was correct in concluding that its charge was error.

The appellant did not meet the burden imposed upon it of showing that the trial court in granting the new trial either manifestly abused its discretion or that its action was based upon a clear error of law.

Order affirmed.