## Schultheis *v.* Levin, Appellant.

514

Argued November 17, 1952. Before STERN, C. J., JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Ralph S. Croskey*, with him *Croskey & Edwards*, for defendant, Fox-Weis Co., appellant.

*J. B. H. Carter*, for defendant, Jacob Levin, appellant.

*Harry A. Takiff,* with him *William K. Ravetz, Robert V. Bolger, 2nd,* and *Takiff & Bolger,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, February 13, 1953:

On the morning of April 18, 1950, Kathleen Schultheis, close to nine years of age, and her sister Julia (seven years old) and brother (six years old) left their home at 1231 N. Fifth Street, Philadelphia, to go to school on Susquehanna Avenue, west of 13th Street. They arrived at the corner of Cumberland and 13th Street at about 7:40 o'clock. Just at this time a truck (which we will designate the Fox-Weis truck) was moving east on Cumberland Street, and another truck, (which we will call the Levin truck) was moving north on 13th Street. The latter street is a "Through" highway and Cumberland Street is a "Stop" street. On the southwest corner of this intersection a STOP sign confronts all eastbound traffic. The Fox-Weis driver ignored this obvious warning to halt and continued through the crossing at about 20 to 25 miles per hour. The Levin truck, authorized to proceed by the "Through" character of 13th Street, was already committed to the intersection when the Fox-Weis vehicle crossed its path. The Levin truck collided with the rear right end of the Fox-Weis truck, causing it to skid and spin in a clockwise manner toward the northeast corner of the intersection. Under its revolving momentum the Fox-Weis truck struck the northeast curb, then continued to turn and finally came to a halt in a completely reversed position, that is, facing west on Cumberland Street.

The three children now were lying in the cartway east of the rear of the Fox-Weis truck and about four feet south of the north curb, all badly injured and one

critically so. Kathleen died about two hours after the accident.

The administrator of the estate of Kathleen Schultheis and her parents brought a survival action and a wrongful death action against the owners of both trucks. The parents also instituted suit as guardians of William and Julia and in their own right for the damage sustained as a result of the injuries to these minors. Verdicts were returned in favor of the plaintiffs in all actions. Both defendants filed motions for judgment n.o.v. and the defendant Fox-Weis Company also filed a motion for a new trial, all of which motions were dismissed. Both defendants appealed from the dismissal of their motions.

We will consider first the appeal of the defendant Fox-Weis Company. It is argued in its behalf that there is no evidence to show that the Fox-Weis truck was responsible for the death of Kathleen and the injuries to William and Julia Schultheis. It was testified at the trial that before the collision the Levin driver saw the three children on the northeast pavement of the intersection, and it was demonstrated, from the geographical location and the physical properties of the area involved, that the Levin driver could not have caught sight of the children until he was practically within the intersection, thus allowing only for the passage of the most fleeting fragment of an instant before the tragedy occurred. And this fragment of a moment would not have permitted time for the children to change their position.

The appellant Fox-Weis Company asks for judgment on the theory that since no one actually saw its truck strike the children, it can not be held responsible. Quoting from *Martin v. Marateck*, 345 Pa. 103, the appellant contends that the plaintiffs must "describe, picture or visualize what actually happened" before

it, Fox-Weis, can be held negligent and its negligence declared to be the proximate cause of the accident. Seeking to avoid the working of the inexorable law of cause and effect, the appellant surmises that the children may have been struck because they darted out from behind one of the upright steel pillars (supporting an overhead railroad bridge at this point) or they may have walked out east of the pedestrian crosswalk without looking, or the accident could have happened in such a manner that even though the driver went through a stop sign, this would still not be the proximate cause of the accident.

Even the most palpable event, established conclusively to the satisfaction of all senses, can be subjected to a distorted ratiocination. A fertile imagination, planted with the seed of self-interest, and cultivated with the harrow of invention, is bound to produce something, but *that* "something" may well defy every semblance of horticultural logic and earthbound common sense. There is not one detail in the entire case or one syllable of testimony to contest the irrefragable proof that the victims of this tragic event were struck by the revolving juggernaut of the Fox-Weis truck while they, the children, were standing on the pavement at the northeast corner of the crossing.

Argument that the truck did not have sufficient overhang to reach the children when the vehicle struck the curb, or that the children were standing behind and protected by one of the steel uprights, is an argument that Kathleen was not killed and William and Julia were not injured! Which, of course, demonstrates to what absurdity argumentation can lead when it departs from the solid rock of facts and embarks without compass of reality on to the uninhibited sea of conjectural hypothesis.

The fact that the Fox-Weis truck went through a STOP sign at 20-25 miles per hour was negligence per se. *Kowalsky's Express Service v. Haverford Township,* 170 Pa. Superior Ct. 229, 85 A. 2d 884.

The fact that there was no actual eye-witness of the physical contact between the truck and the children is no bar to recovery. " 'It is not essential that there should be an eyewitness of the occurrence. The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of defendant.' " *Reardon v. Smith,* 298 Pa. 554, 148 A. 860.

Even if it were to be assumed, which the evidence does not show, that the children had stepped or darted off the curb, they would in that event, have been in the westbound lane of Cumberland Street (where the truck had no right to be) when they were struck, for had they been in the eastbound lane they would have escaped contact with the truck; and if the Fox-Weis truck had not passed through the STOP sign, it would not have been on the Westbound lane but in its own eastbound lane, and thus would not have struck the children.

Thus, from all the circumstances, the jury could reasonably find and did find that the negligence of the Fox-Weis truck in failing to obey the STOP sign was the proximate cause of the death of Kathleen Schultheis and the injuries sustained by William and Julia Schultheis.

We conclude that the lower court properly refused to grant a judgment n.o.v. in favor of the Fox-Weis Company, but we believe the learned Court erred in refusing judgment n.o.v. in favor of Jacob Levin. Levin's truck was traveling on a through highway, and its driver had "the right to suppose that anyone com-

ing to an intersection marked with a STOP signal will obey the legal admonition and yield to the vehicle entitled to the priority of the crossing:" *Martin v. Gall,* 370 Pa. 258, 87 A. 2d 925. We there said: "Through highways would lose their whole significance if motorists on those highways were required themselves to stop to ask the pleasure of cars in transversal traffic."

There is no evidence that the Levin truck was travelling at an excessive speed or doing anything not consistent with reasonable care under all the circumstances of the case.

The verdict of $5000 in favor of the parents in the wrongful death case was not excessive. The evidence presented as to the circumstances of the deceased's family gave ample basis for a finding by the jury that Kathleen would have had steady employment from the age of 16 to 21 years at good wages and that Kathleen's normally expected earnings during that period would far exceed the parents' expense in supporting her.

Judgment reversed as to the defendant Jacob Levin and affirmed as to the defendant Fox-Weis Company.