William J. CURNOW, Administrator of the Estate of Martha M. McCoy, Deceased,

v.

**WEST VIEW PARK COMPANY,**
Appellant.

No. 14623.

United States Court of Appeals
Third Circuit.

Argued Feb. 7, 1964.

Decided Oct. 21, 1964.
As Amended Dec. 11, 1964.

Harold Gondelman, Pittsburgh, Pa. (Jacobson & Gondelman, Herbert Jacobson, Pittsburgh, Pa., on the brief), for appellant.

Gustav W. Wilde, Pittsburgh, Pa. (Burgwin, Ruffin, Perry & Pohl, Robert M. Brown, Louis M. Tarasi, Jr., Pittsburgh Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This appeal is from a judgment in favor of the plaintiff in a combined action brought under the Pennsylvania Wrongful Death Act, 12 P.S. § 1601, and under the Pennsylvania Survival Act, 20 P.S. § 320.601. The decedent was a wife and mother who survived only minutes after she sustained the injuries from which she died. The defendant having admitted liability, the only issue tried by the court and a jury was that of damages. We have considered each of the errors assigned but find it necessary to discuss only those which in our opinion clearly warrant reversal of the judgment and one other.

The defendant here challenges as erroneous the lower court's charge to the jury on the ground that portions of it were phrased in language that was "flowery and inflammatory." The portions of the charge of which the defendant complains were taken verbatim from the decision of the Supreme Court of Pennsylvania in the case of Spangler v. Helm's New York-Pittsburgh Motor Exp., 396 Pa. 482, 153 A.2d 490, 491 and 492. We cannot agree that the language of the cited decision was "flowery and inflammatory" in the context in which it was used by the appellate court; in fact, it was appropriate to the situation there under review. The narrow question for our decision is whether the same language was appropriate in the trial court's instructions to the jury. We are of the opinion that it was not.

■■ It is not error for a trial judge to incorporate in his instructions to the jury statements taken from a reported decision. Kmiotek v. Anast, 350 Pa. 593, 39 A.2d 923 (1944); O'Connell v. Naess, 176 F.2d 138, 140 (2nd Cir. 1949). However, the trial judge must cautiously refrain from descriptive phrases which are likely to appeal to the emotions of the jurors even though such phrases are contained in the reported decision from which he quotes. The charge in the present case was erroneous in that it unduly emphasized emotional factors which the jury had no right to consider. Such emphasis was favorable to the plaintiff but highly prejudicial to the defendant. The error did not result from a mistaken view of the law but from a too strict adherence to the language of the decision upon which the trial judge relied.

The charge to the jury is open to criticism on a further ground. It contained a detailed recital of evidentiary facts, several of which were present in the Spangler case but not present in the instant case. The trial judge seems to have recognized this because at one point in his charge he undertook to give an instruction which was apparently designed to clarify the situation. However, this instruction, read in the context of the charge as a whole, was somewhat ambiguous and insufficient to overcome the confusion which may have been created in the minds of the jurors.

■■ It is the law of Pennsylvania that in an action for wrongful death the measure of damages is the pecuniary loss sustained by the next of kin on whose behalf the action is brought. Piacquadio v. Beaver Valley Service Co., 355 Pa. 183, 49 A.2d 406, 407 (1946); Gerhart v. East Coast Coach Co., 310 Pa. 535, 166 A. 564, 565 (1933). In an action for the wrongful death of a wife and mother, such as we have here, the measure of the loss is the present value of the services the decedent would have rendered to her family had she lived, less the probable cost of her maintenance during the period of life expectancy. Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549, 553 (1930).

■■ The parties to this action agree that the burden was upon the plaintiff to prove the probable cost of the decedent's maintenance during the period of life expectancy. The parties further agree that the charge of the court was correct in this regard. However, the defendant argues that the plaintiff failed to sustain this burden; the plaintiff argues to the contrary. We find that the record in this case is devoid of probative evidence from which the jurors could have determined the probable cost of the decedent's maintenance during her life expectancy. This deficiency is ground for reversal under the law of Pennsylvania. While there is no requirement that the evidence as to probable cost of maintenance be direct and precise, there is a requirement that it be sufficient to enable the jurors to make a fair determination. The evidence offered by the plaintiff in this case failed to meet this requirement.

The defendant maintains that the diversity of citizenship essential to the jurisdiction of the court below was absent. The action is one between a duly appointed Administrator, a citizen of Ohio, and a corporate defendant of Pennsylvania. The defendant argues that for the purposes of diversity jurisdiction the citizenship of the statutory dependents for whose benefit and on whose behalf the action is brought is determinative. The question raised was heretofore considered by this Court and decided adversely to the defendant's argument. Borror v. Sharon Steel Company, 3 Cir., 327 F.2d 165 (1964). The invitation to reconsider the question must be rejected.

The judgment of the court below will be reversed and the action will be remanded for a new trial.