FLOYD A. VILLERS

*v.*

WILLIAM PAUL McCLUNG *and* BETTY M. McCLUNG

(No. 12799)

Submitted September 9, 1969.    Decided October 7, 1969.

*William L. Jacobs,* for appellant.

*McDougle, Davis & Morris, Fred L. Davis, John R. Morris,* for appellees.

HAYMOND, PRESIDENT:

In this civil action instituted in the Circuit Court of Wood County, the plaintiff, Floyd A. Villers, fifty-five years of age at the time of the trial, seeks to recover damages from the defendants, William Paul McClung and Betty M. McClung, for personal injuries alleged to have been caused by the negligence of the defendants.

The case was tried before a jury upon the complaint of the plaintiff, the answer of the defendants, in which they· denied negligence upon their part and alleged contributory negligence upon the part of the plaintiff, and the evidence in behalf of the plaintiff, consisting of the deposition of Cecil Wiggins, an eyewitness, which was read to the jury, the testimony of the plaintiff and his daughter who saw the plaintiff at or near the stalled automobile, and the testimony of other witnesses concerning the character and the extent of the injury of the plaintiff, which was not incorporated in the printed record. At the conclusion of the evidence introduced by the plaintiff, the circuit court, on motion of the defendants, excluded all the evidence and directed a verdict in favor of the defendants, and entered judgment that the plaintiff take nothing and that the defendants recover their costs from the plaintiff. By final judgment rendered July 11, 1968 the circuit court overruled the motion of the plaintiff to set aside its judgment of June 18, 1968 which was entered upon the verdict and to grant him a new trial, and from the final judgment of July 11, 1968 this Court granted this appeal and supersedeas on January 20, 1969, upon the application of the plaintiff.

The plaintiff assigns as error the action of the circuit court in holding (1) that the defendants were not guilty of negligence as a matter of law and that the plaintiff was guilty of contributory negligence as a matter of law; and (2) in directing a verdict for the defendants.

There is little, if any, dispute with respect to the material facts disclosed by the evidence.

During the afternoon of February 27, 1968, the defendant Betty M. McClung, while operating the station wagon automobile of the defendant William Paul McClung, which was equipped with summer tread tires without chains, on a steep grade of Twenty-seventh Street, in the City of Vienna, Wood County, West Virginia, because of the slippery condition of the street, was unable to continue up the grade. Instead, the automobile slid into an almost right angle position across the street at a distance of fifteen or twenty feet from the top of the hill and the driver was unable to move the automobile from its position in the street.

The plaintiff, who was walking on Twenty-seventh Street on his way home, saw the automobile and went to it for the purpose of assisting the driver in dislodging it and of flagging any descending traffic that might come over the crest of the hill. He stood at the upper side of the automobile at a distance of one or two feet from it. While the automobile was in its crosswise position and after the driver had caused its wheels to spin on the snow-covered street in her unsuccessful efforts to move it forward and drive it down the hill, the witness Wiggins, nineteen years of age, who resided with his mother at her home on Twenty-seventh Street about seventy-five feet below the location of the automobile, also went to the front end of the upper side of the automobile to assist the driver.

When the plaintiff went to the automobile he spoke to the driver but did not engage in any conversation with her except to say that when the other boy, meaning Wiggins, got there they would try to shove the automobile and start it down the hill. Wiggins, who knew the plaintiff merely by sight but did not know the driver of the automobile, told her, after she had been unable to move the automobile on the slippery street, to cut the wheels to the right and put the automobile in drive. Instead of following his instructions she put the automobile in reverse which caused it to strike the curb

of the street and its rear left wheel to rise about four inches above the level of the street and to swerve about four inches up the hill, and when the automobile went forward its left rear wheel ran upon the plaintiff's foot and severely injured him. At the time of his injury the plaintiff was not touching the automobile with his hands.

Just before his injury the plaintiff had been standing about one or two feet from the left side of the automobile with the intention of shoving it in an effort to cause it to proceed down the hill. After the rear end of the automobile struck the curb, Wiggins pushed the left front side of the automobile and it proceeded down the hill for a distance of approximately 150 feet and then came to a stop. The driver leaned from the automobile, called to the plaintiff, who was still standing at or near the place of the accident, and stated that she hoped the plaintiff was not badly injured. She then drove the automobile away from the place where she had brought it to a stop. Wiggins assisted the plaintiff to his automobile and took him to his home. The plaintiff was severely and permanently injured in his right leg and he has a permanent limp when he walks. The driver of the automobile did not request either Wiggins or the plaintiff to assist her in dislodging the automobile from its crosswise position and each of them volunteered to help her.

It was not snowing at the time the plaintiff was injured but there was an accumulation of about two inches of snow and ice on the concrete street which was about twenty-seven feet in width. There was a six inch concrete curb on each side of the street but there was no sidewalk.

It is clear that the driver was aware of the presence of the plaintiff and Wiggins and of their positions near the left side of the automobile; that the plaintiff did not expect the driver of the automobile to place its gear in reverse, contrary to the directions given her by Wiggins; and that she did not give the plaintiff any

warning or reason to believe that she would drive the automobile backwards instead of forwards immediately before it injured him.

The decisions in various jurisdictions involving the liability of the owner or the operator of a stalled or otherwise disabled motor vehicle for injuries sustained by a person who assists in extricating it from its predicament present an almost unlimited variety of factual patterns with respect to the circumstances surrounding an injury to the person rendering such assistance. The cases generally hold that the owner or the operator of a stalled or otherwise disabled motor vehicle must exercise ordinary and reasonable care to avoid injury to one assisting him in extricating the automobile from its predicament. The question of liability usually depends upon the facts of each particular case. See Annotation, 1 (c) and 2, 3 A.L.R.3rd, pages 782-787, and the many cited cases.

The evidence in behalf of the plaintiff which in the main is uncontroverted is sufficient to require submission of the issues of negligence and contributory negligence to the jury under proper instructions. The action of the circuit court in refusing so to do and in directing a verdict in favor of the defendants was reversible error which entitles the plaintiff to a new trial of the action.

This Court has repeatedly held in many cases that when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. *Sydenstricker* v. *Vannoy,* 151 W. Va. 177, 150 S. E.2d 905, and the many cases cited in the opinion in that case.

The judgment is reversed, the verdict is set aside, and this case is remanded to the Circuit Court of Wood County for a new trial which is here awarded the plaintiff.

*Reversed and remanded.*