Agnes Lambert, *Administratrix*

*v.*

The Great Atlantic & Pacific Tea Company, Inc., *et al.*

(No. 12985)

Submitted May 4, 1971.          Decided June 29, 1971.

Rehearing Denied November 12, 1971.

398

*Preiser, Greene, Hunt & Wilson, Stanley E. Preiser, L. Alvin Hunt, Frank Sansalone, Edward L. Snyder,* for appellant.

*Herschel Rose, James D. Nash, Jr.,* for appellees.

CALHOUN, JUDGE:

This case involves a civil action for wrongful death instituted in the Circuit Court of Marion County by Agnes Lambert, administratrix of the estate of her deceased husband, Robert Lee Lambert, against The Great Atlantic &

Pacific Tea Company (which hereafter in this opinion will be referred to as A & P), Jerry Stuthers and Agnes Lambert as defendants. From a final judgment rendered on a jury verdict in favor of A & P and Stuthers, defendants, on a second trial of the case, the plaintiff administratrix has been granted the appeal to this Court.

On November 14, 1964, while Robert Lee Lambert was riding as a passenger in an automobile driven and operated by Agnes Lambert, his wife, in a northerly direction on a Pennsylvania public highway known as Route 168, that vehicle was involved in a collision with a truck, of a type commonly referred to as a tractor-trailer, owned by A & P and which was then being driven by its employee, Jerry Stuthers, in an easterly direction upon a Pennsylvania public highway designated as Route 30. The collision of the automobile and the truck occurred within the area of the intersection of the two highways in Beaver County, Pennsylvania. The death of Robert Lee Lambert resulted from personal injuries sustained by him as a consequence of the collision of the two vehicles.

The complaint filed by Agnes Lambert in her capacity as administratrix makes Agnes Lambert a party defendant to the action and charges that she "negligently drove said automobile * * * into the intersection * * *." The truth of this allegation was admitted by A & P in its answer. On her motion, Agnes Lambert was dismissed as a party defendant to the wrongful death action by an order of the trial court entered on December 17, 1965.

In the first of the two trials of the wrongful death action, timely service of process had not been obtained upon defendant Jerry Stuthers and accordingly that trial was against A & P as the sole defendant. Proper service of process was subsequently made upon Stuthers and accordingly the second trial involved both A & P and Stuthers as defendants.

As a result of the accident previously described, two other civil actions to recover damages for personal injuries were instituted against A & P and Stuthers by persons who

were passengers in the Lambert automobile at the time
of the collision. One of these actions was instituted by
Ruby V. Lambert and Raymond Lambert. The other
action was instituted in behalf of Betty Jane Dusky by
her next friend and in behalf of Loretta Jane Dusky,
by her next friend. The three civil actions were. con-
solidated for trial. Beneficiaries of any recovery which
might be had in the action for wrongful death normally
would be Agnes Lambert, the widow of the decedent, and
their two children, Robert Lee Lambert, Jr., and Rodney
Lambert.

Upon a trial of the three consolidated actions, the jury,
on April 24, 1967, returned verdicts in favor of plaintiffs
and against A & P as follows:

| Ruby Lambert, | $1,000 |
| Raymond Lambert, | $ 227 |
| Betty Dusky, | $ 100 |
| Loretta Dusky, | $ 500 |

Judgments were rendered on the four verdicts listed
above, and no appeal was sought from any of these judg-
ments. Subsequently they were paid by A & P. We are
concerned in this case, therefore, only with the second
trial of the wrongful death action.

At the same time the verdicts were returned in favor
of the four passengers in the Lambert automobile, the jury
returned a verdict in favor of Robert Lee Lambert, Jr.,
and Rodney Lambert against A & P in the sum of $12,000;
and, at the direction of the court, the jury returned a ver-
dict against Agnes Lambert in her individual capacity and
in favor of A & P. In directing a verdict against Agnes
Lambert, the trial court obviously did so on the basis of
the proposition that she was precluded by her negligence
as driver of the automobile from participating in the pro-
ceeds of any judgment which might be rendered against
A & P in the wrongful death action. Apparently the trial
court authorized the jury to return a verdict against A & P
in favor of the two children of the decedent on the ground
that they would be the sole beneficiaries of any verdict and

judgment which might be obtained in favor of the plaintiff in the wrongful death action.

While the return of a verdict in favor of the two children rather than in favor of the administratrix may have been to some degree irregular, the action of the court in this respect apparently was taken with the acquiesence and approval of all parties and counsel. The important and substantial feature of this aspect of the case is that judgment on the $12,000 verdict was rendered in favor of the administratrix against A & P "for the benefit of Robert Lee Lambert, Jr. and Rodney Lambert."

Agnes Lambert, administratrix, as the plaintiff in the wrongful death action, filed with the trial court on behalf of her sons, Robert Lee Lambert, Jr., and Rodney Lambert, a motion in writing to set aside the verdict of the jury and the judgment for $12,000 entered thereon "and to grant to the plaintiff a new trial as to all issues," or, in the alternative, to award the plaintiff a new trial "on the single issue of damages on behalf of Robert Lee Lambert, Jr. and Rodney Lambert," upon various grounds severally assigned in the motion, including the alleged inadequacy of the amount of the verdict. The motion apparently was argued before the court and submitted for decision on May 8, 1967. By an order entered on August 30, 1967, the trial court overruled the motion to award the plaintiff a new trial on the single issue of damages but set aside the verdict and judgment for $12,000 on the ground of the inadequacy of the amount thereof and granted to the plaintiff administratrix a new trial for the benefit of Robert Lee Lambert, Jr., and Rodney Lambert "as to all issues."

Both the plaintiff, Agnes Lambert, as administratrix, and A & P applied to this Court for appeals from the final judgment of the trial court in setting aside the verdict for $12,000 and the judgment entered thereon and in awarding to the plaintiff a new trial upon all issues. Both applications for appeal were denied. The statutory period of eight months for appeal to this Court from the final judgment

of the circuit court expired without any further proceedings in the action in the trial court.

On December 2, 1968, a second trial of the wrongful death action was commenced, Jerry Stuthers, in the meantime having been properly served with process and having filed his answer to the complaint. This second trial continued in progress from day to day until December 4, 1968, when the jury returned a verdict against the plaintiff "and in favor of The Great Atlantic & Pacific Tea Company, Inc. and Jerry Stuthers."

On December 13, 1968, the plaintiff filed a written motion pursuant to R.C.P. 50 (b), to set aside the verdict in favor of the defendants and the judgment entered thereon and to have judgment entered in accordance with the plaintiff's motion for a directed verdict, or, in the alternative, for a new trial in accordance with R.C.P. 59, upon various grounds stated in the motion, including the doctrines of collateral estoppel and case estoppel. By brief and oral argument, counsel for the plaintiff concede that, upon the second trial, no motion for a directed verdict was made in behalf of the plaintiff either at the conclusion of defendants' evidence in chief or at the conclusion of all the evidence. By an order entered on August 7, 1969, the trial court overruled the motion. It is from the judgment of the trial court embodied in that order that the plaintiff has been granted the appeal to this Court.

After the appeal to this Court was granted, Agnes Lambert, administratrix, as plaintiff in the wrongful death action, was granted leave to move to reverse the judgment of the trial court pursuant to the provisions of Code, 1931, 58-5-25 and Rule IX of the Rules of this Court. The case was submitted for decision in this Court upon the original record made in the trial court; upon the motion to reverse; and upon typewritten briefs and oral argument of counsel for the respective parties to the action for wrongful death.

Assignments of error made in behalf of Agnes Lambert, administratrix, the appellant, are as follows:

1. The appellant should be awarded a new trial on the single issue of damages, on principles applicable to collateral estoppel, case estoppel and res judicata, because of the fact that judgments were rendered against A & P in favor of four persons who were passengers in the Lambert automobile and such judgments were paid by A & P.

2. The trial court erred in giving defendants' instructions numbered 8, 9 and 15.

An article dealing with the subject of res judicata and collateral estoppel appears in 71 W. VA. L. REV. 208. See also *Lane* v. *Williams*, 150 W.Va. 96, 144 S.E.2d 234. We are of the opinion that questions relating to res judicata, case estoppel or collateral estoppel are not properly presented for decision in this case. After the judgment for $12,000 was entered in favor of the plaintiff in the first trial of this case, the plaintiff moved the court to set aside the verdict and the judgment entered thereon and to grant to the plaintiff a new trial as to all issues or, in the alternative, to award the plaintiff a new trial "on the single issue of damages on behalf of Robert Lee Lambert, Jr. and Rodney Lambert" upon various grounds. Principles relating to res judicata, case estoppel and collateral estoppel were not urged in support of the motion and hence the trial court did not consider such principles and did not decide whether such principles would require the court to award a new trial on the single issue of damages. Though the plaintiff's motion was made in the alternative, it did include a request for a new trial as to all issues. The plaintiff, therefore, got the relief alternatively requested in her motion. Both the plaintiff and A & P applied to this Court for appeals from the judgment of the trial court in awarding a new trial as to all issues. Both applications for appeal were denied by this Court. The judgment of the trial court in awarding a new trial as to all issues has become final and is not now subject to direct or indirect attack.

In accordance with prior decisions of this Court, the substantive law of Pennsylvania was applied in relation to

the right of the plaintiff to recover damages and the adjective or procedural law of this state was applied in relation to the remedy. *Edwards* v. *Lynch,* 154 W.Va. 388, pt. 1 syl., 175 S.E.2d 632; *Thornsbury* v. *Thornsbury,* 147 W.Va. 771, pt. 1 syl., 131 S.E.2d 713. These legal principles have been applied in an action for wrongful death in which it was alleged that the death was wrongfully caused in Virginia. *Keesee* v. *Atlantic Greyhound Corporation,* 120 W.Va. 201, pt. 2 syl., 197 S.E. 522.

Approximately 400 feet from the center of the intersection of the two highways, there was located on the right side of the highway upon which Agnes Lambert was proceeding a highway warning sign or marker containing the words: "Caution Stop Sign Ahead." On the right side of the highway upon which she was proceeding, at a point approximately 80 feet from the intersection, there was located another highway sign or marker bearing the word "Stop." Under a pertinent Pennsylvania statute, it was her duty to yield the right of way to all vehicles proceeding in either direction upon the through highway upon which the A & P truck was being operated. The Supreme Court of Pennsylvania has held that the act of driving a motor vehicle into an intersection with a through highway, in disobedience of a highway stop sign, constitutes negligence per se and that the driver of a truck on the through highway has the right to assume that a motor vehicle approaching an intersection on a highway marked with a stop sign would obey the admonition and yield to a vehicle approaching the intersection on the through highway. *Schultheis* v. *Levin,* 372 Pa. 513, 94 A.2d 740.

The evidence is undisputed that the collision occurred within the intersection on a clear day and that there was nothing to obstruct either driver's view of the other vehicle as they approached the intersection. Jerry Stuthers testified that he was 10 or 15 feet from the middle of the intersection when he first noticed the Lambert automobile; that it was proceeding at a "fast" rate of speed, "at a terrific rate of speed"; and that Agnes Lambert did not "stop for the stop sign." Charles Grimes was employed by

A & P as a driver's helper and was riding in the cab of the truck at the time of the accident. He testified that the Lambert automobile was practically past the stop sign when he first observed it; that "it was traveling awful fast"; and that the automobile did not stop at the stop sign. Joy Stewart testified that her husband owns and operates a garage, service station and small grocery store adjacent to or near the intersection; that while she was behind the counter of her husband's place of business, she saw the Lambert automobile approaching the intersection; that it appeared to her that the automobile was approaching the intersection "fairly fast" and that the automobile did not stop or decrease its speed as it entered the intersection. Agnes Lambert testified that, before entering the intersection, she stopped the automobile but saw no other vehicles approaching; that she then proceeded into the intersection; and that when she first saw the truck, it was "right there, bearing down on me."

Counsel for the defendants made a motion for a directed verdict at the conclusion of the plaintff's evidence in chief and renewed the motion at the conclusion of all the evidence. The refusal of the trial court to sustain the defendants' motion for a directed verdict at the conclusion of all the evidence has been made the basis of a cross-assignment of error. We are of the opinion that the case was peculiarly one for jury determination and that, therefore, the trial court did not err in refusing to sustain the defendants' motion. *Barker* v. *Hawkins,* 153 W.Va. 828, pt. 2 syl., 173 S.E.2d 79; *Villers* v. *McClung,* 153 W.Va. 449, syl., 169 S.E.2d 753; *Poe* v. *Pittman,* 150 W.Va. 179, pt. 1 syl., 144 S.E.2d 671.

The plaintiff asserts on this appeal that, the court erred in granting and in reading to the jury defendants' instructions numbered, respectively, 8, 9 and 15. Defendants' Instruction No. 8, after stating that the burden was upon the plaintiff to prove her case by a preponderance of the evidence, contained the following language:

"Therefore, if *the plaintiff* has not established *her* case by a preponderance of *the* evidence, or the evidence is evenly balanced, so that the jury are unable to say on which side of the case the evidence preponderates, or if the preponderance is on the side of the defendants, then, in either of these events, the jury must find the defendants not guilty." (Italics supplied.)

The contention made in behalf of the plaintiff is that the italicized portion of the instruction had a tendency to lead the jury to believe that only the plaintiff's evidence could be considered in determining her case by a preponderance of the evidence. In support of that contention counsel rely upon a series of decisions of this Court, including *Adkins* v. *Minton,* 151 W.Va. 229, pt. 11 syl., 151 S.E.2d 295, which have held that the jury must consider the entire evidence in determining whether a plaintiff was guilty of contributory negligence. We are of the opinion that, for several reasons, the court did not err in giving the instruction. We believe the objection made to the instruction was not sufficiently precise as to comply with the requirement of R.C.P. 51 and numerous decisions of this Court including *Fortner* v. *Napier,* 153 W.Va. 143, pt. 4 syl., 168 S.E.2d 737 and *State Road Commission* v. *Bowling,* 152 W.Va. 688, pt. 1 syl., 166 S.E.2d 119. Defendants' Instruction No. 5 dealt with the question of the preponderance of the evidence. That instruction, given by the court told the jury that preponderance of evidence means "the greater weight of all the evidence on both sides before the jury." Instructions must be read as a whole and if, when read as a whole, it is apparent that the jury could not have been misled, a verdict will not be disturbed though one instruction may be susceptible of a doubtful construction when considered alone and apart from all other instructions granted. *Ellison* v. *Wood & Bush Company,* 153 W.Va. 506, pt. 5 syl., 170 S.E.2d 321; *State Road Commission* v. *Bowling,* 152 W.Va. 688, pt. 3 syl., 166 S.E.2d 119; *Metro* v. *Smith,* 146 W.Va. 983, pt. 5 syl., 124 S.E.2d 460.

Defendants' Instruction No. 9 was as follows:

"You are also instructed by the Court that in the absence of a preponderance of the evidence to the contrary, *it is to be presumed by you that the A & P driver, Jerry Stuthers, performed each and every obligation imposed upon him by law and that he was not in any wise negligent.*" (Italics supplied.)

The chief objection to the instruction urged in this Court relates to the italicized portion of the instruction as stated above. Objections made by counsel for the plaintiff when the instruction was offered were as follows: "(1) Last phrase is tantamount to directed verdict, and, therefore, contrary to law and evidence; (2) Unfair to plaintiff when converse instruction offered on behalf of plaintiff was refused; (3) Incorrect statement of the law; (4) Whole instruction contrary to law and evidence." The primary objection to the instruction on this appeal relates to the portion thereof which states that, generally speaking, in the absence of proof to the contrary, it must be presumed that Stuthers was not negligent and that he was exercising due care in the operation of the A & P truck. To this extent, therefore, counsel for the plaintiff failed to comply with R.C.P. 51 and prior decisions of this Court, which require that objections to instructions must be precise and specific. Furthermore, in the absence of evidence to the contrary, there is a general presumption that one will exercise due care for the safety of himself and other persons. *Atlantic Coast Line Railroad Company* v. *Brown,* 82 Ga. App. 889, 892, 62 S.E.2d 736, 739; *Yeary* v. *Holbrook,* 171 Va. 266, 284, 198 S.E. 441, 449; *Armstrong* v. *Rose,* 170 Va. 190, 203, 196 S.E. 613, 618; 29 AM. JUR. 2d, *Evidence,* Section 168, page 208.

Defendants' Instruction No. 15, given over objection of counsel for the plaintiff, is as follows:

"You are further instructed that under a statute of the Commonwealth of Pennsylvania the driver of a motor vehicle is forbidden, before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when an

official 'STOP' sign has been erected. Any violation of this statute on the part of Agnes Lambert was negligence on her part. Therefore if you believe from the evidence in this case that Agnes Lambert failed to come to a full stop, within a reasonable distance, before entering the intersection on U. S. Route 30 with Pennsylvania Route 168, then Agnes Lambert was guilty of negligence; and if you further believe that such negligence was the sole proximate cause of the collision between the Lambert automobile and the A & P truck, then none of the plaintiffs in this case can recover and your verdict shall be for the defendants."

The objections made to the granting of Defendants' Instruction No. 15 were as follows: "(1) Incorrect statement of law; (2) No evidence upon which the instruction can be based; (3) Contrary to the law and evidence; (4) Repetitions in part." We are of the opinion that the giving of the instruction was warranted by the evidence and that it correctly states the pertinent law of Pennsylvania, to which we have previously referred in this opinion and that such law was properly applied to the question of the right of the plaintiff to recover in the wrongful death action. *Edwards* v. *Lynch,* 154 W.Va. 388, 175 S.E.2d 632; *Thornsbury* v. *Thornsbury,* 147 W.Va. 771, 131 S.E.2d 713.

For reasons stated in this opinion, the plaintiff's motion to reverse is overruled and accordingly the judgment of the Circuit Court of Marion County is affirmed.

Judge Chauncey Browning participated in the decision of this case and concurred in the decision made, but his death occurred before this opinion was prepared, approved and announced.

*Affirmed.*