BAKER, JUDGE:
_Claimant brought this action for personal injuries which he received in a single-vehicle accident that occurred on March 7, 1997. Claimant was operating his vehicle and proceeding south on W.Va. Route 10 in Wyoming County which route is maintained by the respondent. Claimant came upon a patch of ice on Route 10 which he alleges caused his single-vehicle accident resulting in severe injuries. This claim was bifurcated for the purpose of the hearing; therefore, the claim was submitted to the Court upon the issue of liability only. The Court is of the opinion to deny liability on the part of respondent in this claim for the reasons set forth herein below.
FACTS OF THE CLAIM
_On March 7, 1997, claimant, having ended his shift as a backhoe operator at Voyager Mining in Wyoming County at approximately 5:30 a.m., was driving south on Route 10 through Wyoming County to his home in Pineville. His normal routine was to stop at a Hardee's Restaurant to take his breakfast home with him and he, in fact, did this on this occasion. Approximately twelve miles from the Hardee's restaurant, claimant approached an area on Route 10 where there was a patch of ice on the surface of the road resulting from water running across the roadway surface. At this point, claimant’s Toyota Truck apparently slid on the ice and the truck overturned, whereupon claimant was ejected from his vehicle. Claimant suffered severe injuries in this accident, and, as a result of the injuries, he has no recollection of the events which took place immediately prior to the accident after he stopped to buy his breakfast at Hardees.
Officer S.E. Cook, a Deputy Sheriff in Wyoming County, was the investigating officer who reported to the accident scene on the morning of March 7, 1997. Officer Cook’s investigation report notes that he received notice of the accident at approximately 6:01 a.m.; that he arrived at the scene at 6:13 a.m.; that it was a cold morning; that there were some icy spots on the road; that claimant was already being loaded into the ambulance at the time of his arrival; and that it was hectic at the scene. He could not remember water being on the road, so he relied upon the notations in his report. He did note slippery pavement in his report as the result of an icy patch and he determined that claimant’s vehicle slid on a patch of ice causing claimant to lose control of his truck which struck an embankment and overturned. He depicted the claimant lying in the center of the road on his diagram which fact he determined from information from ambulance personnel and from evidence on the road surface. He could not state whether or not claimant was wearing his seat belt at the time of the accident or how claimant was ejected from his vehicle.
Claimant alleges that respondent had the duty to maintain the rights of way, ditches, and culverts on Route 10 at the accident site and that its failure to maintain *148 the ditches allowing water to flow onto the surface of the road was the proximate cause of his accident and resulting injuries.
Respondent asserts that although it may have had actual notice of the condition of the ice forming at this particular spot on Route 10, such notice was only immediately priorto claimant’s accident. An employee of the respondent, Theodore Hawkins, who took note of the icy area while he was on his way to work that morning, was at respondent’s headquarters near to the scene of the accident where he was in the act of preparing to take deicing material to the scene. When he arrived at the area where he intended to treat the road surface with the deicing material, claimant’s accident had occurred and emergency personnel were attending to the claimant. Therefore, it is respondent’s position that it acted reasonably and responsibly as soon as it had notice of the ice forming on Route 10 and its employees responded as quickly as possible.
James Oliver Stewart, the County Maintenance Supervisor for respondent in Wyoming County, is responsible for overseeing the maintenance of all the roads, including the maintenance of the ditches and culverts adjacent to the roadways, in Wyoming County. . It was the responsibility of the respondent to ensure that the ditches and culverts running parallel to the roads performed adequately and that water was not permitted to flow across the roadway surfaces. He testified that the occasions when water flowed across the road at the site of claimant's accident were infrequent and occurred maybe twice a year. Route 10 is a primary route in Wyoming County based upon its traffic count. For the purpose of snow removal and ice control, the primary routes are treated as the number one priority. He first noticed claimant’s accident from respondent’s headquarters where he was already at work on the morning of March 7, 1997, when he observed flashing lights in the area of the accident site. The accident scene is approximately 500 to 600 yards from respondent’s headquarters in Wyoming County. Mr. Stewart had driven through that section of Route 10 on his way to work but he had observed only water on the road. He estimated the time that he arrived at work to be around 6:00 a.m. He testified that he had noticed water on the road in this particular area of claimant’s accident “very infrequently,” or probably only two times a year. He explained that the ditches along the roadways fill up from sediment, z'.e., trash, leaves, so maintenance activities include maintaining all the ditches along the roadways to prevent water from building up in the ditches and flowing across the roadways. Employees use a grader, a backhoe, or an end loader to remove obstacles in the ditch line so water stays in the ditch line. This is done on Route 10 at least once a year and sometimes twice. In the area at the accident scene, there are two driveways that abut the roadway on opposite sides of the road. Since one of the driveways is elevated above the road and the driveway opposite it on the other side of Route 10 proceeds down to a lower level, water may flow from the one driveway, across the road surface, and then go down the driveway on the other side of Route 10.
Theodore Hawkins, a Transportation Crew Chief in Wyoming County for respondent, testified that he drove through the area of the accident scene prior to the accident in order to drive to respondent’s headquarters. At that time he noticed that water was running across the road and that it was starting to freeze so he proceeded to load calcium, the substance used by respondent as deicing material, into his truck. He was of the opinion that this took him about eight or nine minutes from the time he first observed the water and ice on the road to the time that he started back down the road to treat the condition he observed on Route 10 with the calcium. It was during that eight to nine minute interval that claimant's accident occurred. Mr. Hawkins *149 could only recall one other time when he had observed water flowing across the road at the location of claimant's accident and that occasion was several years before the accident.
Claimant’s expert witness, Robert Wolfe, a registered structural engineer, provided expert opinions as to the drainage in the area of the accident site on Route 10. He visited the scene and he reviewed photographs of the area provided to him by claimant’s counsel. The terrain in this particular area of Route 10 had not changed from the time of the accident in 1997 to the time Mr. Wolfe visited the scene in October 2001. He concluded from his review of the area and examination of the photographs that the ditches had not been maintained properly allowing the water to run onto and across the roadway. There are two driveways on either side of Route 10 at the area where the water was flowing across the road and there was no sign, according to Mr. Wolfe, of respondent having provided a ditch for the water coming from the driveway on the west side of Route 10. This driveway is about 40 feet wide where it abuts Route 10 and it is elevated above the road whereas the driveway on the east side proceeds downhill. Water flows from the driveway on the west across Route 10 onto the driveway on the east side of Route 10. The ditch abutting the westerly driveway to the south appeared to Mr. Wolfe to be filled with stone, and, therefore, it was his opinion that respondent had not maintained the ditches for which it is responsible in a proper manner. In his written report, he attributes claimant’s accident to inadequate maintenance of the drainage ditches, the surface of the highway and the driveway on the west side of Route 10, the absence of proper drainage across the westerly driveway, and the silt in the ditch south of that driveway which allows water to overflow from the ditch onto the road surface and across the road to the easterly driveway. He based his theory, in part, on the fact that there was evidence of substantial erosion on both the east and west driveways.
CONCLUSIONS OF LAW
At the close of the hearing of this claim, the Court requested that the parties submit memoranda of law on two issues. The first issue is whether there is presumption of lawful operation that arises when one is operating an automobile. The second issue regards whether the fact that the claimant may not have been wearing his seatbelt at the time of his accident may be considered by this Court in its decision. _The West Virginia Supreme Court has set forth a general standard to be followed regarding the presumption of the exercise of due care when no evidence has been received to the contrary. "In the absence of evidence to the contrary, there is a general presumption that one will exercise due care for the safety of himself and other persons." Lambert v. Great Atlantic and Pacific Tea Company, Inc., 155 W. Va. 397, 407, 184 S.E.2d 118(1971) citing Atlantic Coast Line Railroad Company v. Brown, 82 Ga. App. 889, 892, 62 S.E.2d 736, 739; Yeary v. Hollbrook, 171 Va. 266, 284, 198 S.E.2d 441, 449; Armstrong v. Rose 170 Va. 190, 203, 196 S.E. 613, 618; 29 Am. Jur.2d, Evidence, §168, p. 208. The law set forth by the West Virginia Supreme Court of Appeals is clear, and applying the law to the facts in this claim, claimant is entitled to the presumption of due care in the operation of his motor vehicle prior to the accident. Thus, the burden shifts to respondent to introduce evidence of claimant's failure to exercise due care in the operation of his motor vehicle prior to the accident. Respondent did not produce any evidence which indicated that claimant’s accident was caused by circumstances other than the icy patch which existed on Route 10. Therefore, the presumption is that the claimant was operating his vehicle with due care at the time of the accident.
*150 Evidence that claimant was or was not wearing a seatbelt at the time of the accident may not be used as evidence of negligence, contributory negligence, or comparative negligence in an action. West Virginia Code § 17C-15-49(d) states as follows:
A violation of this section is not admissible as evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages, and shall not be admissible in mitigation of damages: Provided, That the court may, upon motion of the defendant, conduct an in camera hearing to determine whether an injured party's failure to wear a safety belt was a proximate cause of the injuries complained of. Upon such a finding by the court, the court may then, in a jury trial, by special interrogatory to the jury, determine (1) that the injured party failed to wear a safety belt and (2) that the failure to wear the safety belt constituted a failure to mitigate damages. The trier of fact may reduce the injured party's recovery for medical damages by an amount not to exceed five percent thereof. In the event the plaintiff stipulates to the reduction of five percent of medical damages, the court shall make the calculations and the issue of mitigation of damages for failure to wear a safety belt shall not be presented to the jury. In all cases, the actual computation of the dollar amount reduction shall be determined by the court.
Although the evidence in this claim does not establish whether the claimant was or was not.wearing his safety belt at the time of the accident, the law provides that this evidence may notbe used as evidence of negligence or contributory evidence or comparative, negligence on the part of the claimant.
However, W.Va. Code §17C-15-49(d) apparently permits the issue of the use of.a seat belt to be raised for the consideration of damages in a case when the defendant makes a motion to the Court for an in camera hearing to determine whether an injured party's failure to wear a safety belt was a proximate cause of his or her injuries. Thus, this issue affects only the issue of damages.
The general rule of law in West Virginia is that the State is not an insurer of the safety of the traveler on its highways. See Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). This Court has previously held that respondent cannot be expected or required to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated patch of ice on a highway during winter months is normally insufficient to charge the respondent with negligence. McDonald v. Dept. of Highways, 13 Ct. Cl. 13 (1979). However, the Court has found that respondent does owe a duty to travelers to exercise reasonable care and diligence in the maintenance ofhighways. Lewis v. Dept. of Highways, 16 Ct. Cl. 136 (1986). In order to establish liability on behalf of the respondent for road defects of this type, the Court has held that a claimant must prove that the respondent had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Bartram v. Dept. of Highways, 15 Ct. Cl. 23 (1983).
In the present claim, the patch of ice claimant encountered on the morning of March 7, 1997, was an isolated patch. Respondent was not in a snow removal and ice control situation during the evening of March 6, 1997, through the early morning hours of March 7,1997. Respondent had knowledge that water flowing across Route 10 at the location of claimant’s accident occurred on an infrequent basis and respondent addressed it whenever it did occur. Even the claimant, who drove to and from work along Route 10, did not recall having any problems with ice atthe location of his accident on any prior occasion.
*151 While both Mr. Stewart and Mr. Hawkins observed water flowing across the road on their way to work, the claimant's accident occurred before Mr. Hawkins, who noticed that the water was turning to ice, could act to remedy the situation. Mr. Stewart testified that the accident occurred only minutes after he got to his office. Although claimant established that respondent had notice of the water flowing across the road on the morning of the claimant's accident, respondent did not have a reasonable' amount of time to take corrective action before claimant's accident occurred.
The Court, having considered all of the evidence in this claim, has determined that the facts of the claim do not establish that respondent was negligent in its maintenance of Route 10 in Wyoming County on the date of claimant’s accident. The Court is not unmindful of the severe injuries that the claimant received in this accident, but the Court is constrained by the applicable principles of law to find for the respondent in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.
The Honorable B. Hays Webb, II, did not participate in the hearing of this claim, but he did participate in the decision of the claim.