# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert C. Copson, Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1238**  (Kanawha County 08-C-1440)

**West Virginia State Police and**
**Ret. Col. D.L. Lemmon, former Superintendent**
**of the West Virginia State Police,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Robert C. Copson, Jr., by counsel, Richard A. Monahan, appeals the verdict in the trial in this matter and the Circuit Court of Kanawha County's denial of his motion for new trial on July 28, 2011. The West Virginia State Police and Retired Colonel D.L. Lemmon, by counsel, Gary E. Pullin and Wendy E. Greve, have filed their response. Petitioner seeks reversal of the circuit court's denial of his motion for a new trial and remand for such new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner worked as a State Trooper for twelve years, including as an undercover officer. During his employment, the West Virginia State Police received a tip that petitioner was using and cultivating marijuana. The State Police initiated an internal investigation regarding these allegations. On October 11, 2007, petitioner appeared at the State Police detachment as instructed for the collection of a hair sample. However, he left the detachment and returned with his State Police equipment, placed it in the hallway, and respondents contend that petitioner orally resigned to his first line supervisor. He then wrote his resignation letter which was sent via facsimile to Colonel Lemmon. Colonel Lemmon accepted petitioner's resignation, and petitioner was notified of such acceptance. Petitioner claims he did not formally submit the resignation letter and that he did not resign. He also claims he was not given an exit interview as required under the Standard Operating Procedure of the West Virginia State Police. He, therefore, claims he was discharged from employment on October 11, 2007. Petitioner did submit a hair sample to a certified lab on October 15, 2007, and the results were negative for any drugs, including marijuana. The results of that drug test were sent to Colonel Lemmon. Petitioner claims that respondents refused to permit him to file a grievance contesting his discharge due to the alleged resignation.

1

Petitioner filed a complaint and petition for writ of mandamus on July 25, 2008, seeking an order from the circuit court requiring the West Virginia State Police to permit him to file a grievance contesting his discharge. The relief requested includes reinstatement as a trooper, back pay, attorney's fees and costs, a jury trial, and general relief. A trial was held between February 14, 2011, and February 23, 2011. At the conclusion of the trial, the jury found for respondents on all issues. On May 20, 2011, petitioner filed a motion for new trial. Following oral argument on that motion, the circuit court entered its July 28, 2011, order denying that motion.

On appeal, petitioner raises seven assignments of error, including alleged errors related to jury selection, the verdict form, rulings on objections during trial, and the exclusion of certain evidence.

Petitioner first argues that the verdict is against the clear weight of the evidence. Respondents contend that the evidence proved and the jury determined that petitioner resigned and that respondents accepted that resignation. In addressing this issue, this Court has previously found:

> "In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved." Syllabus Point 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983).

Syl. Pt. 3, *Fredeking v. Tyler,* 224 W.Va. 1, 680 S.E.2d 16 (2009).

> [W]e are cognizant that in determining whether a valid claim has been established, the assessment of evidence and testimony is, of course, within the province of the trier of fact, and that we, as an appellate court, owe great deference to the verdict. Furthermore, we recognize that evidence is sufficient if a rational trier of fact could have found the essential elements of the claim by a preponderance of the evidence based on the evidence presented at trial.

*Hutchison v. City of Huntington,*198 W. Va. 139, 157, 479 S.E.2d 649, 667 (1996). This Court finds that under these standards, the verdict rendered by the jury is not against the clear weight of the evidence presented during the trial of this matter.

Petitioner also asserts that one of the potential jurors should have been stricken for cause and that the circuit court erred by refusing to strike that juror. Petitioner's motion to strike was based on a potential juror's employment which required some interaction with one of the officers who testified as a witness for respondents. Petitioner used one of his peremptory challenges to remove that potential juror from the jury panel. Respondents argue that the circuit court properly exercised its discretion in denying the request to strike. This Court recently found:

A prospective juror's eligibility to serve is not ordinarily to be determined by an isolated remark or answer to a single question. Rather, when confronted with a challenge for cause, the trial court should base its decision on the entire *voir dire* examination and the totality of the circumstances. The trial court is in the best position to evaluate a prospective juror's qualifications, and the trial court's decision on this issue will be affirmed absent an abuse of discretion.

Syl. Pt. 8, *Messer v. Hampden Coal Co., LLC*, 229 W.Va. 97, 727 S.E.2d 443 (2012). Therefore, under the facts of this case and the totality of the circumstances, this Court finds that the trial court did not abuse its discretion in denying petitioner's request to strike.

Petitioner next argues that the court committed reversible error in adopting the respondents' verdict form and refusing petitioner's verdict form and/or proposed changes to respondents' verdict form. Petitioner contends that his verdict form permitted the jury to expressly consider and address each of the theories and issues of liability advanced by him and that it would aid the parties in understanding the exact findings of the jury for appeal purposes. Petitioner also contends that respondents' proposed verdict form did not include interrogatories expressly addressing each of the petitioner's claims and theories; therefore, it was incomplete and inconsistent with the instructions to be given by the court and could have led to jury confusion. Respondents state that the verdict form conformed to the facts and evidence developed at trial and that for alternative theories to be submitted to the jury, evidence must be submitted to support each theory. "Generally, this Court will apply an abuse of discretion standard when reviewing a trial court's decision regarding a verdict form." Syl. Pt. 4, *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010); *see also*, *Adkins v. Foster*, 195 W.Va. 566, 466 S.E.2d 417 (1995) (applying an abuse of discretion standard in reviewing a verdict form and related instructions). Under the circumstances of this case and based upon a review of the verdict form, we cannot conclude the circuit court abused its discretion in submitting this verdict form to the jury.

Petitioner also asserts that the court committed reversible error in sustaining respondents' objections to petitioner's counsel's attempt in his closing argument to explain and reconcile the verdict form with the court's instructions of law and the petitioner's theories of liability. The next argument asserted by petitioner is that the court committed reversible error in refusing to permit petitioner to offer any evidence, argument or instructions concerning damages and in construing petitioner's pleadings as a petition for a writ of mandamus. Petitioner further contends that the court committed reversible error in sustaining leading-question objections made by respondents when petitioner was examining adverse or hostile witnesses in petitioner's case-in-chief. The Respondents argue that the lower court properly ruled on each of these matters.

"'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). In addition, this Court has found:

"In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit

3

court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Kennedy*, 229 W.Va. 756, 735 S.E.2d 905 (2012). Under these standards and the facts of the instant case, it is evident that the lower court did not abuse its discretion in its rulings relative to these assignments of error.

Petitioner's final assignment of error is his contention that the court committed reversible error in sustaining respondents' objections to one of petitioner's proposed jury instructions and overruling petitioner's objections to two of respondents' proposed instructions. Each of the proposed instructions relate to the laws pertaining to resignations. Petitioner argues that his proposed instructions are a correct statement of law while respondents' instructions were not. Respondents argue the opposite. "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). "'Instructions must be based upon the evidence and an instruction which is not supported by evidence should not be given.' Syl. pt. 4, *State v. Collins*, 154 W.Va. 771, 180 S.E.2d 54 (1971)." Syl. Pt. 3, *State v. Leonard*, 217 W.Va. 603, 619 S.E.2d 116 (2005).

> 6. The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

> 7. "'""Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, through [sic] one of said instructions which is not a binding instruction may have been susceptible of a doubtful construction while standing alone.' Syl. Pt. 3, *Lambert v. Great Atlantic & Pacific Tea Company*, 155 W.Va. 397, 184 S.E.2d 118 (1971)." Syllabus Point 2, *Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 345 S.E.2d 791 (1986).' Syllabus Point 3, *Lenox v. McCauley*, 188 W.Va. 203, 423 S.E.2d 606 (1992)." Syllabus Point 6, *Michael v. Sabado*, 192 W.Va. 585, 453 S.E.2d 419 (1994).

Syl. Pts. 6 & 7, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97, 459 S.E.2d 374 (1995). Under the facts of this case, this Court finds that the circuit court did not abuse its discretion in selecting which jury instructions posed by the petitioner and respondents were proper.

For the foregoing reasons, we affirm.

4

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**NOT PARTICIPATING:**

Chief Justice Brent D. Benjamin