# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0252** (Wood County 10-F-257)

**Shawn M. Tant,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shawn M. Tant, by counsel, Courtney L. Ahlborn, appeals pre-trial rulings, the jury verdict, several of the circuit court's decisions made during trial, and the sentencing order entered by the Circuit Court of Wood County. The State of West Virginia, by counsel, Marland L. Turner, filed its response. Petitioner requests that this Court reverse the circuit court's pre-trial rulings, reverse the judgment of guilty, and reverse the sentencing order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in 2010 on three counts of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a). The jury trial was scheduled for April 5, 2011. Petitioner received a copy of a surveillance video on April 4, 2011, and filed a motion to suppress the video on that same date. The motion to suppress was denied, and the trial was continued until May 17, 2011. During trial, petitioner learned that the confidential informants had worked with the Parkersburg Narcotics Task Force years prior to working with the task force related to petitioner's case. Although petitioner served a discovery request for all agreements between witnesses and the State, petitioner was not made aware of the confidential informants' prior relationship with the task force until after the trial had begun. Petitioner then filed a motion to suppress the testimony of the confidential informants, and that motion was denied.

At the close of the State's case in chief, petitioner's motion for a directed verdict was denied. The court also denied petitioner's request for a jury instruction related to entrapment. The jury found petitioner guilty on all three counts. On July 20, 2011, petitioner was sentenced to the custody of the West Virginia Division of Corrections for a term of not less than one nor more than five years for the count one charge of delivery of a controlled substance with credit of 297 days; a term of not less than one nor more than five years for the count two charge of delivery of a controlled substance with credit of 297 days; and a term of not less than one nor

1

more than five years for the count four charge of delivery of a controlled substance with no days credit. The sentences for counts one and two are to run concurrently with one another, and count four shall run consecutively to the sentences in counts one and two.

Petitioner sets forth four assignments of error on appeal. Petitioner first argues that the circuit court erred by denying petitioner's motion for a directed verdict, as the evidence presented by the State clearly established overwhelming evidence of entrapment. In support of this argument, petitioner asserts that police gave the informant, Laura Hinton, petitioner's name. Ms. Hinton always made initial contact with petitioner. At trial, another informant, Melissa Sutton, testified that Ms. Hinton always set up the drug buys with petitioner. Petitioner asserts that the State did not present any evidence that petitioner was predisposed to commit the crime of delivery of a controlled substance, particularly marijuana, without the instigation or inducement of law enforcement officers or informants operating at the discretion of law enforcement. As further alleged evidence of entrapment, petitioner points out that he is related to Ms. Hinton. He, therefore, claims he was entitled to a directed verdict.

In response, the State argues that there was no entrapment because petitioner failed to show evidence of inducement. The State contends that it was not required to produce predisposition evidence because petitioner failed to produce "some competent evidence that the government induced the defendant into committing the crime." Syl. Pt. 4, in part, *State v. Houston*, 197 W.Va. 215, 475 S.E.2d 307 (1996). The State also argues that the mere fact the State initiated the controlled buys does not satisfy petitioner's burden of proof. In this case, there was no evidence that petitioner was in any way surprised by the informant's request to purchase the drugs or that petitioner was hesitant to sell them. The State simply provided the opportunity for petitioner to sell drugs.

""""Upon a motion for [pre-verdict judgment as a matter of law], all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." Syllabus point 5, *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973).' Syl. pt. 1, *Stanley v. Chevathanarat*, 222 W.Va. 261, 664 S.E.2d 146 (2008)." Syl. Pt. 4, *Norfolk Southern Ry. Co. v. Higginbotham*, 228 W.Va. 522, 721 S.E.2d 541 (2011).

> When the defendant invokes entrapment as a defense to the commission of a crime, the defendant has the burden of offering some competent evidence that the government induced the defendant into committing that crime. Once the defendant has met this burden of offering some competent evidence of inducement, the burden of proof then shifts to the prosecution to prove beyond a reasonable doubt that the defendant was otherwise predisposed to commit the offense.

Syl. Pt. 4, *Houston*. Based upon the evidence before the circuit court at the time it denied petitioner's motion, this Court does not find error in the circuit court's denial of that motion. In addition, even if petitioner offered competent evidence of inducement, we find that a reasonable jury could have found predisposition beyond a reasonable doubt.

Petitioner's second assignment of error is the circuit court's refusal to give a jury

instruction on entrapment when petitioner offered what he purports to be competent evidence of entrapment. Petitioner argues that the cross-examination of task force officers and informants established that the drug buys had been set up by the task force. At trial, petitioner claims it was established that petitioner did not have marijuana to sell and that he only knew where to get marijuana after being induced and coerced to do so by his informant relative, Ms. Hinton. Petitioner contends that the jury should have been permitted to make a determination on the defense of entrapment. The State argues that the trial court did not abuse its discretion by refusing to instruct the jury on the defense of entrapment. The elements of the affirmative defense of entrapment were not proven at trial. The State contends that given the lack of evidence of inducement, the trial court's decision was a sound exercise of discretion.

"As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). "'Instructions must be based upon the evidence and an instruction which is not supported by evidence should not be given.' Syl. pt. 4, *State v. Collins*, 154 W.Va. 771, 180 S.E.2d 54 (1971)." Syl. Pt. 3, *State v. Leonard*, 217 W.Va. 603, 619 S.E.2d 116 (2005).

> 6. The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

> 7. "'"'Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, through [sic] one of said instructions which is not a binding instruction may have been susceptible of a doubtful construction while standing alone.' Syl. Pt. 3, *Lambert v. Great Atlantic & Pacific Tea Company*, 155 W.Va. 397, 184 S.E.2d 118 (1971)." Syllabus Point 2, *Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 345 S.E.2d 791 (1986).' Syllabus Point 3, *Lenox v. McCauley*, 188 W.Va. 203, 423 S.E.2d 606 (1992)." Syllabus Point 6, *Michael v. Sabado*, 192 W.Va. 585, 453 S.E.2d 419 (1994).

Syl. Pts. 6 & 7, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97, 459 S.E.2d 374 (1995). The record does not present sufficient evidence of entrapment to require the circuit court to give the jury that instruction. While the State initiated the drug buys, there is no evidence that the State or its informants acted improperly in initiating or conducting the drug buys. Under the facts of this case, this Court finds that the circuit court did not abuse its discretion in denying petitioner's request for an instruction on the defense of entrapment.

Petitioner's third assignment of error is the circuit court's admission of five exhibits at trial. Petitioner contends that the State did not establish a proper chain of custody for those exhibits, and the informants never identified the exhibits as the marijuana they received from petitioner. Petitioner compares the chain of custody rule to the authentication requirement of the West Virginia Rules of Evidence and claims that the State was required to establish a chain of

3

custody from the time the items were taken to show they are in substantially the same condition as when seized. He claims it was reversible error for the circuit court to admit these exhibits into evidence when the marijuana had not been associated with the defendant. During trial, Lieutenant Greg Shuler of the West Virginia State Police Forensic Laboratory testified regarding the testing completed on the alleged marijuana obtained during the controlled drug transactions which were admitted into evidence over the objections of defense counsel. Lt. Shuler testified that he handed the evidence to someone else rather than placing the evidence into the bag that was admitted into evidence. There was also no evidence or testimony identifying these five exhibits as marijuana which came from petitioner.

The State argues that it properly authenticated the marijuana. The State points out that petitioner does not claim that the evidence was tampered with. At trial, the State introduced evidence that before each transaction with petitioner, the informants had money but no marijuana. After each meeting, they had marijuana but did not have the money. The officers maintained constant visual contact with the informants' vehicle throughout each meeting. Once the officers recovered the marijuana, they searched the informants again. One of the officers testified that after receiving the marijuana from the informants, he packaged and labeled the marijuana before placing the drugs in a safe at the task force headquarters. The marijuana remained in this secured location until it was ready to be sent to the State Crime Lab. Corporal Blevins, the evidence custodian, mailed each bag to the lab. After the marijuana arrived at the lab, Lt. Shuler, the forensic drug chemist, tested the contents of the bags. Lt. Shuler testified that upon completion of the testing, he resealed the evidence, initialed the packaging and took the evidence to Central Evidence Receiving. Subsequently, an employee at the State Central Evidence Receiving Facility took possession of the marijuana and mailed it back to the task force. The drugs remained secured in the task force evidence room until the trial. It is clear that the State introduced sufficient evidence to establish a proper chain of custody.

"'The preliminary issue of whether a sufficient chain of custody has been shown to permit the admission of physical evidence is for the trial court to resolve. Absent abuse of discretion, that decision will not be disturbed on appeal.' Syllabus Point 2, *State v. Davis*, 164 W.Va. 783, 266 S.E.2d 909 (1980)." Syl. Pt. 6, *State v. McCartney*, 228 W.Va. 315, 719 S.E.2d 785 (2011). As in *McCartney*, "[i]n this case, the petitioner does not allege or point to any evidence in the record to show that the [exhibit] introduced into evidence was not genuine or had been tampered with in any manner." *Id.* at 327, 719 S.E.2d at 797. Under the facts of this case, the circuit court's ruling admitting the marijuana exhibits into evidence was not an abuse of discretion.

Petitioner's final assignment of error is his claim that the circuit court erred in denying petitioner's motion to suppress the testimony of the confidential informants. Petitioner's motion was based upon the State's failure to turn over prior agreements between the State and the informants prior to the start of the trial. Petitioner states that he timely submitted his request for discovery requesting "[a]ny express or implicit promise, understanding, offer or immunity, or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective State witness and the State . . ." However, petitioner was first informed that both of the informants had previously worked for the task force on the morning of trial, after the jury had been selected. Petitioner moved to suppress the testimony of the informants, but the circuit

4

court denied that motion. Petitioner contends this denial severely prejudiced him. Petitioner further argues that he had no way to attack or impeach the testimony, as the information was not timely provided. In response, the State argues that the belated disclosure of paperwork detailing the informants' prior agreements with the State was not material. The State also contends that it did not suppress the evidence because the discovery provided to petitioner made specific mention of the agreements. It points to petitioner's failure to pursue the matter further until the night before trial. According to the State, the record clearly demonstrates that petitioner was aware of the prior agreements. The State further contends that the record demonstrates that documents disclosed during discovery provided petitioner with detailed knowledge of the informants' prior agreements with the State. Petitioner was permitted to delve into that information during the cross examination of all State witnesses, as well as in petitioner's case-in-chief.

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). In viewing the record in the light most favorable to the State, we find no clear error in the circuit court's denial of petitioner's motion to suppress.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II